# Gunnis, Barrett & Co., *versus* Weigley.

1.  One who indorses a negotiable promissory note, merely for the accommodation of another, is to be treated as a surety for him; and any defence which the maker could make against a subsequent holder of the note may be made by his surety in an action against the surety.

2.  A. indorsed a negotiable promissory note in blank and delivered it to B. for his accommodation, who without indorsement delivered it to C. in settlement of his indebtedness to him, C. agreeing to pay him the difference in cash, which he afterwards failed to do. C. indorsed the note and delivered it to D. D. brought an action against A. to recover the amount of the note. A. filed an affidavit of defence, setting forth the above facts and alleging that D. was not a *bona fide* holder of the note for value. *Held*, that the affidavit of defence was sufficient.

January 6th, 1886. Before MERCUR, C. J. GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas, No. 2, of *Philadelphia county*: Of January Term 1885, No. 50.

Assumpsit by Rex Weigley against William R. Gunnis, Charles H. Barrett, Albert L. Smyth, trading as Gunnis, Barrett & Co., on the following promissory note :
"$378

"TRENTON, N. J., *February* 7th, 1884.
"Four months after date I promise to pay to the order of myself three hundred seventy-eight $\frac{12}{100}$ dollars, at First National Bank, Trenton, N. J., without defalcation, value received.

"No. due, June 7—10.　　　"(Signed)　J. J. LANING,
(Indorsed)　　　　　　　　　"GUNNIS, BARRETT & CO.,
　　　　　　　　　　　　　　　"W. W. WEIGLEY,
　　　　　　　　　　　　　　　"R. WEIGLEY.

The defendant filed an affidavit and two supplemental affidavits of defence, the material parts of which, together with the facts of the case sufficiently appear in the opinion of the Supreme Court.

The plaintiff took a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence. This the Court made absolute. The damages were assessed at $384.86 and judgment was thereupon entered, whereupon the defendants took this writ, assigning for error the judgment of the court in making such rule absolute.

*John Sparhawk, Jr.,* (*N. DuBois Miller* with him), for plaintiffs in error.—An allegation that the plaintiff is not a *bona fide* holder for value of a promissory note is sufficient to put him to a trial for the purpose of enabling the defendant to show this fact, and it is of course strengthened by the additional averment that suit is only brought in the name of the plaintiff to prevent the defendant from setting up his defence against the real holder: Rex *v.* Abeles, 1 W. N. C., 38 ; Bitzer *v.* Muller, Id., 132; Thomas *v.* Witzman, Id., 359.

The defendants were, therefore, in the same position that they would have been in, had W. W. Weigley sued them. Now, the allegation was (and for the purposes of this case the facts alleged must be taken as proven) that W. W. Weigley took the note knowing that the defendants were mere accommodation endorsers, and that the person for whose accommodation this note was endorsed to W. W. Weigley had a complete defense to a large portion of the claim. In other words, they alleged that without consideration they had become surety for a principal debtor, whose indebtedness amounted to much less than the claim sued upon, and they set up the well-known defence in such a case—that they were liable for the

principal debt only, and nothing more: Stokes v. Brooks, 1 Phila., 35; Sitgreaves v. Bank, 13 W. R., 364; Campbell v. Sloan, 121 P. F. S., 485; Philson v. Homer, 34 Leg. Int., 306; Maher's Appeal, 10 N. 516; Reed v. Marshall, 9 Norris, 345; Bright v. Banking Co., 3 Penny, 478.

The only remaining question is whether usury is such a defence as comes within the rule above stated. It was held that it did in: Dyer v. Wheaton, Del. Co. R., 97; Voight v. Rambo, 1 Phil., 146; Roth v. Weisberger, 1 W. N. C., 4.

A second mortgagee may set up the defense of usury as against a first mortgage: Greene v. Tyler, 3 Wr., 361.

*John H. Colton*, for defendant in error.—1. The averment that the plaintiff, Rex Weigley, is not the real party in interest is ineffectual.

In Brown v. Clark, 2 Harris 469, the Court said (479) : "A slight examination of authority shows it to be an established rule, that in an action on a negotiable instrument, the defendant has no concern in the question of actual ownership, except where the defence turns upon points involving the personal conduct of the true owner, or those who preceded him." To this point also are: Smith v. Hawthorn, 3 Rawle, 355; Eckert v. Conrad, 1 W. N., 414; Ward v. Tyler, 2 P. F. Smith, 393; Pearce v. Austin, 4 Wharton, 489; 2 Parsons on Notes and Bills, 436.

2. The holder for value may recover the full amount of a note, although he knew at the time that it was an accommodation note, and even if he purchased it for less value than the face of the paper; Moore v. Baird, 6 Casey, 138; Burpee v. Smoot, 4 W. N., 186; Gaul v. Willis, 2 Casey, 259; Lord v. The Ocean Bank, 8 Harris, 384; Bonsall v. Bauer, 2 W. N., 298; Bonsall v. Faitch, 2 W. N., 298; Holmes v. Paul, 3 Grant, 299; McCamant v. The Miner's Trust Co., 41 Leg. Int., 368.

"The principle is a general one, that a person making or indorsing a negotiable note for the benefit of another is liable to a third person, even with notice of the want of consideration: Stevens v. Monongahela Bank, 7 Norris, 157 (163); 2. Parsons on Notes and Bills, 27; Byles on Bills, 237.

3. Even if there could arise a question of usury between W. W. Weigley and Halfman, the rule that the vicious element in an usurious contract survives in all its transmutations, applies only to cases in which the obligor or promissor remains the same: Macungie Savings Bank v. Hottenstein, 8 Norris, 328; Bly v. Second National Bank of Titusville, 29 P. F. Smith, 453.

The question of merger could not arise, for that takes place only where the debt is one, and the parties to the security are identical: Jones v. Johnson, 3 W. & S., 276; Macungie Savings Fund Bank v. Hottenstein, 8 Norris, 328.

4. There is no force in the averment that W. W. Weigley knew that Halfman had promised the indorsers to take up the note at maturity. The question of notice is immaterial: Twining *v.* Hunt, 7 W. N. C., 223.

Mr. Justice CLARK delivered the opinion of the Court, October 4th, 1886.

This writ of error is taken upon a judgment, entered for want of a sufficient affidavit of defence. The suit, upon which the judgment was obtained, was brought by Rex Weigley, against Gunnis, Barrett & Co., upon a promissory note, made by J. J. Lanning, to his own order, and endorsed by Lanning, Gunnis, Barrett & Co., W. W. Weigley, and Rex Weigley in the order named; the note was dated 7th February, 1884, at four months in the sum of $378.19.

The defendants in the several affidavits filed, original and supplementary, say, in substance, that the note was in the first instance taken by Gunnis, Barrett & Co., in the regula course of business, in payment of a bill of goods sold to Lanning, and was by that firm, on or about the 15th March, 1884, indorsed and delivered to one W. D. Halfman, as an accommodation, to enable Halfman, by the use of the note, to complete a settlement of accounts, which he purposed to make with W. W. Weigley, to whom Halfman was indebted; that Halfman used the note for the purpose stated, and delivered it to W. W. Weigley, by virtue of and in fulfillment of an agreement of settlement entered into by him and the said W. W. Weigley; that at the time of said settlement Halfman was indebted to W. W. Weigley in the sum of $231.04 for sundry loans, &c., and that the difference between the amount of the note, $378.19, and the amount of Halfman's indebtedness, $191.04, was by the terms of the settlement to be adjusted by the application of $40 thereof, to take up an order for clothing held by W. W. Weigley on Mr. W. H. Taylor, and the balance to be paid in cash by Weigley to Halfman; that the said Weigley, however, has failed to comply with and perform the agreements of settlement thus made, in this, that he never delivered to Halfman the order upon W. H. Taylor, and having paid only $80 in cash to Halfman, he now refuses to pay the balance; that some four months prior to the aforesaid transfer of March, 1884, the said W. D. Halfman, being in want of ready money, called upon the said W. W. Weigley, and induced him to discount for his benefit a note of William F. Anderson for $150; that the said Weigley, however, in making said discount, loaned to the said Halfman upon the said note only the sum of $100, retaining the balance of fifty dollars as a usurious discount, and subsequently, and prior to the

[Gunnis, Barrett & Co. v. Weigley.]

transfer of the above note in suit, the said Halfman paid to the said Weigley the sum of fifty dollars on account of the note of William F. Anderson, leaving a balance due Weigley upon the said Anderson note of fifty dollars and interest.

The affidavit further states that Weigley withheld the balance over and above the $80 in cash paid, as already stated, for interest at a usurious rate on the Anderson note, transferred to him, under the circumstances stated, and that Rex Weigley is not the bona fide holder and owner of the note for value, but that W. W. Weigley is the real party in interest.

Assuming that Rex Weigley is not a bona fide holder of the note for value, we must consider the legal effect of the facts stated in the affidavit, as between W. W. Weigley, and Gunnis, Barrett & Co. The note was indorsed in blank and delivered to Halfman, for his accommodation, and Halfman, without any indorsement, delivered the note to W. W. Weigley. Under the defendant's indorsement, in blank, the note was transferable by delivery, and the contract which accompanied the delivery and constituted the consideration thereof was with Halfman, not with the defendants. The ostensible therefore is not the real relation of W. W. Weigley to Gunnis, Barrett & Co.; for, although occupying a position of apparent privity to them, it clearly appears that he derives his title to the note through the delivery of it to him by Halfman.

But Gunnis, Barrett & Co. having indorsed the note merely for the accommodation of Halfman, are to be treated as sureties for him; any defence which would avail Halfman, if he were the defendant, is available to Gunnis, Barrett & Co., his sureties. If Gunnis, Barrett & Co. had parted with the note to Halfman, in the regular course of business, it cannot be doubted, that they would have been held to the payment of this amount, no matter what may have been the status of affairs between Halfman and Weigley. As a general rule, at least, a surety is allowed to stand upon the rights of his principal, and if Weigley failed to comply with the contract, under which he received the note, it is competent for Halfman or for his sureties, to set up his default, in this respect, against payment of the note.

Assuming the facts set forth in the several affidavits, Halfman was indebted to Weigley in various ways including the Anderson note, in the sum of $231.04; this sum deducted from the Gunnis, Barrett & Co. note, leaves a balance to Halfman of $147.15, of which Weigley paid $80, only, and refused to pay any more. He claims to retain the difference $67.15 for interest at usurious rates on the Anderson note. The facts relating to this note are perhaps obscurely stated, but enough appears,

to show that a loan of $100 was made on the security of the note; fifty dollars of which has since been returned. It is true that the transaction is sometimes spoken of as a "discount" and sometimes as a "loan" but the indiscriminate use of words is explained in the particular facts detailed. It is also stated that Weigley held an order for clothing on W. H. Taylor, to the amount of forty dollars, which by the terms of the agreement he agreed to return to Halfman and has not done so. If the facts alleged are true, and we must assume that they are, Weigley failed to comply with the contract upon which he received the note. The affidavits are not drawn with that degree of accuracy which is to be commended, but we think they exhibit the elements of a substantial defence, and this has been held to be sufficient.

Judgment reversed and a procedendo awarded