## Troxler v. Wilson.

### Opinion delivered April 1, 1918.

1. SALES—HORSES—MISREPRESENTATION—REMEDY OF BUYER.—Where A. purchased certain horses from B. and it developed that the horses were not as represented, where A. gave a note for the purchase price, three remedies are open to him: suit for rescission of the contract and cancellation of the note; suit for damages on account of fraud and deceit; or to wait until suit was brought on the note and plead total or partial failure of consideration.

2. SALES—NOTE FOR PURCHASE PRICE—FAILURE OF CONSIDERATION—REPLEVIN.—Where a note is given for the purchase price of certain horses, and it developed that the horses were not as represented, the buyer can not bring replevin for the note.

3. PRINCIPAL AND SURETY—FAILURE OF CONSIDERATION—DISCHARGE OF SURETY.—Where the contract between the principal and creditor fails by reason of a want of consideration, the collateral suretyship contract also fails.

Appeal from Randolph Circuit Court; *J. B. Baker,* Judge; reversed.

*S. A. D. Eaton,* for appellant, *Jerry Mulloy,* of counsel.

It was error to sustain the demurrer to Dickinson's answer and to Troxler's plea of *res adjudicata.* 34 N. W. 291; 18 Pick 95; 4 Hun. 166; 39 S. E. 930; 18 S. W. 940; Pomeroy on Code Remedies, 347; 12 Ark. 167; 55 *Id.* 18; 23 Cyc. 1155; 2 Black on Judgments, 725, 715, 614; 23 Cyc. 1216.

*W. L. Pope* and *T. W. Campbell,* for appellee.

1.  The demurrer was properly sustained to Dickson's answer.  He was but a surety on the note, 7 Ark. 333; 100 Va. 709; 92 Fed. 838; 1 Wyo. 45; 7 Wis. 523.

2.  The plea of *res adjudicata* was properly sustained.  14 Ark. 166; 68 *Id*. 320.  See also, 168 U. S. 1; 167 *Id*. 371; 124 *Id*. 225; 114 Ark. 14; 108 *Id*. 574; 91 *Id*. 394; 20 *Id*. 85; 12 *Id*. 164; 76 *Id*. 423, etc.; 83 Ark. 545.

3.  A decision on general is an adjudication upon the merits and final.  63 Ark. 254; 111 U. S. 472; 71 Conn. 479; 76 Iowa 47; 97 Cal. 125; 2 Black on Judgments, § 709.

HUMPHREYS, J.  Appellee, W. H. Wilson, instituted suit against appellants, Joe Troxler and E. L. Dixon, in the Randolph circuit court on a promissory note for $200.00 and interest, executed on the 8th day of July, 1916, and due on November 15, 1916.

Appellants pleaded a want of consideration in that appellee induced appellant Troxler to buy a team, wagon and harness upon the guarantee that the horses were sound, and that the gray horse purchased was not even eleven years old; whereas, the bay or black horse had pneumonia at the time, of which it soon died, and the gray horse was twenty-four years of age.

Appellee demurred to W. L. Dickson's answer on the ground that he was surety for Troxler and could not plead as a defense misrepresentations, if any, made by appellee to Troxler; and filed a plea of *res adjudicata* to the answer of Troxler.

The cause was heard by the court upon the pleading and evidence introduced in support of the plea of *res adjudicata*.  The demurrer and plea were sustained and judgment rendered against appellants, from which an appeal has been prosecuted to this court.

The substance of the evidence introduced in support of the plea of *res adjudicata* disclosed that a short time after the black horse died, Troxler brought a suit

in replevin in a magistrate's court for the recovery of the note constituting the basis of this action. The note had been placed in the Randolph County Bank for safe keeping, and the bank was made a defendant in the replevin suit. Appellant, Dickson, who had signed the note as surety for Troxler, also became surety on the replevin bond. It was stated in the affidavit for replevin that the note was executed in part payment for a balance due on the team, wagon and harness, and was without consideration because misrepresentations were made as to the soundness of the bay horse and the age of the gray horse. This suit was tried in the magistrate's court and judgment rendered in favor of appellant Troxler and he secured a return of the note. Appellee appealed the case to the circuit court and demurred to Troxler's complaint or affidavit. The court sustained the demurrer to the affidavit and dismissed the replevin suit. An appeal was prayed by Troxler but was never prosecuted to the Supreme Court.

It is insisted by appellants that the court erred in sustaining the demurrer to Dickson's answer and the plea of *res adjudicata* to Troxler's answer to the suit on the note. Appellee insists that even if the court erred in sustaining the demurrer to Dickson's answer no prejudice could result to him for the reason that he signed the bond in replevin and is as much bound by the former adjudication as Troxler. The main question, then, to be determined in this suit is whether or not appellants were precluded from pleading a failure of consideration for the note because they prosecuted a suit in replevin for the recovery of the note on account of a failure of consideration therefor. The solution of the question must depend upon whether the issue in the replevin suit and the issue in the instant case were identical. If replevin was not a proper remedy and would not lie for the recovery of the note, then no issue on the merits could have been joined between the parties in that case. This court has said that "The true test of whether or not a particular point, question or right

has been concluded by a former suit and judgment is whether such point, question or right was distinctly put in issue, or should have been put in issue, and was directly determined by such former suit or judgment." *Fourche River Lumber Co.* v. *Walker,* 96 Ark. 541; *Pulaski County* v. *Hill,* 97 Ark. 450.

(1) When Troxler discovered that the horses had been misrepresented, three remedies only were open to him: Suit for rescission of the contract and cancellation of the note; suit for damages on account of fraud and deceit; or to wait until such suit was brought on the note and plead total or partial failure of consideration.

(2) The note or evidence of indebtedness passed by delivery to appellee Wilson when the trade was made and he was entitled to retain the possession thereof until the contract was rescinded or the note paid. The failure of consideration, which is the issue in the instant case, could not have been litigated in the replevin suit because appellants had no right to bring a suit for the possession of the note.

(3) The remaining question to be determined is whether Dickson, as surety on the note, can join Troxler, the principal, in a plea of failure of consideration for the note on account of a breach of warranty made to Troxler as to the soundness of the horses. It is laid down as a principal in Stearns on Suretyship, second edition, page 148, that "Where the contract between the principal and creditor fails by reason of a want of consideration, the collateral suretyship contract also fails." The text is supported by the following cases: *Sawyer* v. *Chambers,* 43 Barber 622; *Scroggin* v. *Holland,* 16 Mo. 419; *Gunnis* v. *Weigley,* 114 Pa. 191; *Mitchum* v. *Richardson,* 3 Strobhart Law, (S. C.) 254; *Stockton Savings & Loan Co.* v. *Giddings,* 96 Cal. 84.

The court therefore erred in sustaining the demurrer to Dickson's part of the answer and also in sustaining the plea of *res adjudicata* to Troxler's answer.

The judgment is reversed and the cause remanded for further proceedings not contrary to this opinion.