THE CUNNINGHAM LUMBER COMPANY vs. FREDERICK P.
MAYO.

Third Judicial District, Bridgeport, October Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A finding should be favorably construed in support of the judgment.
During the trial of an action for goods sold and delivered, some of which the defendant had used, the plaintiff amended its complaint so as to be able to claim both for a sale and for a conversion. In denying plaintiff's motion for an adjournment, made while it was putting in its rebuttal evidence, the trial court remarked that having elected to treat the defendant's use as a conversion, the time for the plaintiff to show how much had been used was when it presented its case in chief. *Held* that this reference was not a ruling that the plaintiff was required to stand on its original complaint, notwithstanding its amendment.
Claims of law not made in the trial court will not be considered by this court on appeal.

Argued October 28th—decided December 5th, 1902.

ACTION for lumber sold and delivered, brought to the Superior Court for New Haven County and tried to the court, *Shumway, J.* Judgment for plaintiff to recover $2,586.03, from which it appealed. *No error.*

The bill of particulars was for "356,997 feet yellow pine lumber, Provincetown shipment, at $21, $7,496.94."

The following facts were specially found: The lumber specified was ordered at the price named, "delivered in the water at Provincetown, Mass." It was shipped to Provincetown, invoiced to the plaintiff, and most of the cargo was there discharged into the water and then gathered in rafts

and towed to the shore by the defendant. Later the plaintiff placed an agent in charge of it, and refused to deliver it to the defendant except as he should pay for it. He asked for a bill of it and for a survey. These were refused, he being told (as was the fact) that the refusal was because it desired to hold the title till it had some money. This lumber had been charged to him on the plaintiff's books, and a bill against him made out and copied into its bill-book.

The defendant took some of it from the water, namely, 122,869 feet, and used it in building a railroad pier. This was all of which he had any use or benefit, and all that was included in the judgment.

Pending the action, the defendant's attorney notified the plaintiff's attorney that the defendant claimed that more of this lumber was his property and in his possession. Thereupon the plaintiff replevied all of it which it found, namely, about 50,000 feet, and subsequently obtained judgment in its favor in the replevin suit.

In the finding, the court, after describing the discharge of the cargo of lumber in the manner above set forth, referred to all of it, repeatedly, as " delivered into the water at Provincetown."

*Samuel C. Morehouse*, for the appellant (plaintiff).

*Henry Stoddard*, for the appellee (defendant).

BALDWIN, J. The plaintiff alleged that certain goods were sold and delivered to the defendant at an agreed price. This was traversed, and the issue has been found for the plaintiff as to part of the goods, and part only. If all the goods were delivered, the judgment is wrong. As to this, the special finding of facts does not state in terms that any were delivered, but does state that part came into the defendant's possession and use. That being so, it was immaterial, except as to a question of pleading, whether such part were delivered or not ; and no question of pleading has been made before us.

Cunningham Lumber Co. v. Mayo.

It is contended, however, that the finding sufficiently shows that all the goods were delivered. This claim is founded on its repeated references to the manner of the discharge of the cargo, by the description of a delivery. But this term was evidently used without intending to qualify anything that had been previously set out. The operative facts had been particularly stated. They did not necessarily constitute a delivery. On the contrary, it had been found that after the lumber had been put into the water, and towed ashore, the plaintiff took charge of it, and refused to deliver it to the defendant, until payment should be made. The subsequent characterization of the transactions as a delivery, if the finding be given that favorable construction to which it is entitled for the support of the judgment, cannot be deemed to be intended as a finding that a legal delivery was in fact made.

The plaintiff could only recover for what had come into the defendant's possession, whether by sale and delivery, or by his own wrongful act. Of all that it could trace into his possession, it was successful in replevying a part, and has now obtained a judgment for the rest. It can ask nothing more.

The original bill of particulars was for the price of 356,997 feet of lumber " used at Provincetown." During the trial the plaintiff amended it, so as to be able to claim both as for a sale or a conversion. After offering some evidence in rebuttal, it moved for an adjournment of the hearing that it might procure the attendance of other witnesses to show that more lumber was used by the defendant in the railroad pier than it had proved in putting in its case in chief. In denying the motion, the court remarked that it must take one position or the other, and having elected to treat the defendant's use of the lumber as a conversion, the time to show how much he used was when it presented its case in chief. It is now contended that this amounted to a ruling that the plaintiff must stand on the ground taken in the original bill of particulars, notwithstanding the amendment. The only ruling made was to deny the motion for an adjournment, and

the reference of the court to an election previously made, so far as appears upon the record, may have been based on oral statements made during the trial.

It is urged in argument that the facts showed an executed sale of all the lumber, even if none was ever delivered into the water, and therefore that the failure to prove a delivery was immaterial. As it does not appear that such a claim was made in the Superior Court, it is unnecessary to consider whether there was any ground for it.

There is no error.

In this opinion the other judges concurred.