THE NEW HAVEN MANUFACTURING COMPANY *vs.* THE NEW HAVEN PULP AND BOARD COMPANY.

Third Judicial District, New Haven, June Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The plaintiff alleged that on a certain day the defendant, by its note, promised to pay to the order of *D* a certain sum at a given time and place, "for value received;" and this was admitted by the defendant in its answer. *Held* that such admission did not preclude the defendant from proving the other paragraphs of its answer, which averred that the note was delivered conditionally and was not in fact given for value received.

A compromise agreement by which each party absolutely undertakes to do certain things for the benefit of the other is upon a valuable consideration.

Having agreed, by way of compromise, to give *D* $1,500 in cash and its note for $3,000, in settlement of *D's* claim of $5,100 for certain engines and machines, the defendant mailed its check for $1,500, stating that it was sent "as per our understanding" and "to complete payment for paper machine." A second letter, accompanying the note, stated that it was "tendered in payment" for beating engines, it "being understood that before the note becomes due we will have had ample time to determine whether the beaters fill our requirements according so specifications and guaranty." *D* acknowledged the receipt of the check and note "in settlement of our account, as per agreement." In an action upon the note brought by *D's* indorsee, it was *held :* —

1. That the language of the second letter could not fairly be construed as a tender of the note upon condition, but rather as an attempted qualification of the manner in which the note was to be held and used by *D*.

2. That if, by accepting the note, *D* could be considered as having assented to the attempted modification, such modification would not attach to the note itself, but would merely create a collateral obligation on his part to respond in damages or submit to a recoupment, in case of a violation of its terms.

3. That there could be no recoupment in the present case, inasmuch as

the defendant had made no such claim in its answer, having seen fit to rely solely on a conditional delivery of the note.

There was no direct, positive testimony of the indorsement of the note by *D*, the payee, but it appeared from certain evidence that *D's* agent, while negotiating with the plaintiff in behalf of *D* for the purchase of certain machinery, left the note with the plaintiff to be credited to *D*, and that it was so credited. *Held* that the trial court might well infer from this that the note when so accepted was properly indorsed.

The legal title to a note which is indorsed to a bank for collection and after protest is returned to such indorser, is in the latter, who has the right to cancel his indorsement to the bank. His failure to exercise this right is immaterial, as his possession of the note is sufficient evidence of ownership to support a suit.

The fact that a suit on a note is brought by counsel retained by a third party at his own expense is immaterial. If the holder of the note sees fit to put it into the hands of counsel thus employed, and makes no objection to the action, such counsel may properly represent him in the proceeding.

Argued June 9th—decided July 24th, 1903.

ACTION by the indorsee against the maker of a negotiable note, brought to the Superior Court in New Haven County and tried to the court, *Thayer, J.;* judgment for plaintiff, and appeal by the defendant. *No error.*

*George D. Watrous* and *Henry H. Townshend*, for the appellant (defendant).

*John K. Beach*, for the appellee (plaintiff).

BALDWIN, J. The substantial defense set up to this action is that the note was delivered to the payee on an express condition that its payment should be contingent on the acceptance of certain engines, which it had sold to the defendant with a warranty that they should work satisfactorily, and which proved unsatisfactory.

The complaint follows *Form* 213 in the Practice Book (p. 128), alleging in paragraph 1 that the defendant, on a day stated, by its note, promised to pay to the order of the Downingtown Manufacturing Company a certain sum at a certain place and time, for value received. This paragraph

was admitted by the answer, and it is contended that by this admission the defendant was precluded from setting up such a defense.

The answer in this respect had no other effect than to admit the due execution and delivery of the note described. Its other paragraphs, in which the defendant averred that the note was delivered conditionally, and was not in fact given for value received, remained proper subjects of proof.

Three beater engines and a certain paper machine were furnished to the defendant by the Downingtown Manufacturing Company, under contracts of purchase. The price of the engines was $3,000, and they were " guaranteed " to " do the defendant's work satisfactorily." The defendant, upon trying them in its factory, was not satisfied with their working. Subsequently, at a time when the Downingtown Manufacturing Company claimed that about $5,100 was due to it on the contracts, it was orally agreed by way of compromise between it, acting through a Mr. Miller, and the defendant, that the latter should pay and the former would accept, in full settlement of all accounts, $1,500 in cash and $3,000 payable by a two months' note drawn to the order of the Downingtown Manufacturing Company, and that certain new parts for the paper machine should also be furnished without further charge. The defendant thereupon sent by mail a letter, with a check for $1,500, and another letter referring to the check as sent " as *per* our understanding with Mr. Miller . . . to complete payment for paper machine." The second letter enclosed the note in suit, stating that it was " tendered in payment for beating engines, it being understood that before the note becomes due we will have had ample time to determine whether the beaters fill our requirements according to specifications and guaranty, which would mean that we could use them economically, or without a large daily loss to ourselves in consumption of power. We will work at this matter faithfully in our endeavor to overcome the present difficulty, and we hope that for our mutual interests we may succeed in so doing." The Downingtown Manufacturing Company replied by a letter

acknowledging the receipt of " check for $1,500 and note for $3,000, in settlement of our account, as *per* agreement had with the writer."

The terms of the note were, in fact, conformable to that agreement, and the new parts for the paper machine were subsequently furnished and accepted. Unless, then, the letter enclosing the note so far qualified its delivery that the Downingtown Manufacturing Company had no right to treat it as sent in pursuance of the previous agreement, that agreement was fully executed, and there was thus an accord and satisfaction of an unliquidated demand.

A compromise agreement by which each party absolutely undertakes to do certain things for the benefit of the other is upon a valuable consideration. The promise of the defendant to pay $1,500 and give the note was a valuable consideration for that of the Downingtown Manufacturing Company to furnish the new parts of the paper machine and accept the money and note in full settlement. It may be assumed to have been the intention of the parties that no settlement was to be effected, and that the original claim of the company would remain the same until each company had performed its part of the agreement. But it nevertheless became the legal duty of each to make such performance. See *Goodrich* v. *Stanley*, 24 Conn. 613, 621.

The defendant endeavored in its letter enclosing the note to add new terms to this contract. If the tender had been made on the express condition that the note should be retained by the payee until its maturity, and should become void if before that time the maker determined that the engines were not such as the payee had bound itself to furnish, a different question would be presented. *Potter* v. *Douglass*, 44 Conn. 541. But the letter transmitting the note first made a direct tender of it " in payment for beater engines," and then sought to create a new " understanding " in addition to that previously reached with Mr. Miller. This was not put forward as a qualification of the tender, but of the manner in which the note was to be held or used. The tender remained unqualified and unconditioned. It was made to pay a debt,

and if it should be accepted, that debt would necessarily be extinguished.   Whether the note itself should ever be paid or not was immaterial as to the discharge of the original demand.

In making such a tender the defendant was fulfilling a contract duty.   The Downingtown Manufacturing Company therefore had a right to accept it, as it did, as made under the contract with Mr. Miller, without thereby assenting to any modification of that contract which would in effect vary the obligation expressed by the note.   *C. & C. Electric Motor Co.* v. *D. Frisbie & Co.*, 66 Conn. 67, 95.

But were this not so, and could the company be considered as having, by accepting the note, assented to the proposed modification of the contract of settlement, the defense set up in the answer would have been unavailing, even if that company had been the plaintiff in the action.   The answer avers that the note was delivered " upon the express condition that it should be applied, when due, in payment for three duplex beating engines," provided they were found before that time to work satisfactorily.   This allegation was not supported by the proof.   The letter enclosing the note tendered it expressly in payment for these engines.   The " understanding " which it then proceeded to state, if agreed to by the Downingtown Manufacturing Company, would at most have created on its part a collateral obligation to respond in damages or submit to a recoupment, should the engines prove to work badly.   Such an obligation certainly would not have affected the note if indorsed to a holder in due course.   It could not therefore be treated as part of the note itself.   That would remain unconditional, and while, if sued on by the payee, it might be met by a counterclaim, it could be met by nothing else.   In the case at bar nothing has been pleaded by way of counterclaim.   The answer must stand or fall on the ground of a conditional delivery of the note in suit.

As this defense would be untenable, were the Downingtown Manufacturing Company the plaintiff, it is unnecessary to inquire whether the circumstances attending the indorsement were such as to make the New Haven Manufacturing

Company a holder in due course. The note being a negotiable one, General Statutes, § 631, does not apply, and the indorsee had at least the rights of the payee.

Exception is taken to the finding that the note was indorsed by the payee, as having been made without evidence. As to this, the record shows that the note, when presented by the plaintiff, bore an indorsement of the name of the Downingtown Manufacturing Company, purporting to have been made by one Tutton in its behalf. There is a statement marked "proven," in the defendant's draft finding, that no evidence was offered as to the indorsement, or as to the authority of Mr. Tutton to indorse commercial paper in the name of the company. Obviously this statement was understood by the trial judge as referring to direct, positive testimony ; for the evidence certified in support of the defendant's exception, contains testimony to the effect that Mr. Tutton, while negotiating with the plaintiff in behalf of the Downingtown Manufacturing Company for the purchase of certain machinery, left the note with the plaintiff to be credited to the former company ; and that it was so credited. A finding is to be favorably construed in support of the judgment. *Cunningham Lumber Co.* v. *Mayo,* 75 Conn. 335. It will not be presumed, therefore, that the trial judge, in accepting this statement in the draft finding as correct, meant more than that there was no positive testimony to this point. He might, nevertheless, well infer from this certified evidence that the note when so accepted was properly indorsed.

The note had been indorsed by the plaintiff before maturity to a bank, and deposited with it for collection. It was protested, and then returned to the plaintiff. When produced at the trial, it bore this indorsement to the bank uncancelled. The defendant contends that, upon these facts, it appears that the bank has the legal title and was the only proper party to sue.

The bank received the title for the sole benefit of the plaintiff. When it returned the note protested, the plaintiff became an indorsee in possession and invested with the rights belonging to all holders of commercial paper. General Stat-

Miles & Co. v. Odd Fellows Mutual Aid Asso.

utes, § 4170. One of these was to cancel the indorsement which it had made. General Statutes, § 4218. Whether it exercised this right or not was immaterial. Its mere possession of the note was sufficient evidence of ownership to support the suit. General Statutes, § 4221; *Dugan* v. *United States*, 3 Wheat. 172.

It appeared upon the trial that the suit was brought by counsel retained by the Downingtown Manufacturing Company and at its sole expense, there being no intention on its part to look to the plaintiff for reimbursement. This is immaterial. The plaintiff having put its note, for the purposes of the suit, into the hands of the counsel thus employed, and making no objection to the institution and maintenance of the action, they had a right to represent it in the proceeding.

There are other reasons of appeal, which need not be noticed, in view of the grounds on which our judgment is based.

There is no error.

In this opinion the other judges concurred.