Rose Schwartz vs. Morris Dashiff et al.

Third Judicial District, New Haven, June Term, 1917.

Prentice, C. J., Roraback, Wheeler, Beach and Shumway, Js.

The plaintiff, who was the payee of sixteen promissory notes for $25 each, maturing at intervals of one week, presented them weekly and as paid surrendered them to their makers, the defendants; but through inadvertence or otherwise surrendered two notes, numbers fifteen and sixteen, which had not matured, and retained two, twelve and thirteen, that had matured and been paid, upon which—and one other note (the fourteenth) not then due and which the defendants paid before trial—the plaintiff based her present cause of action. *Held:*—

1. That the mistake or confusion in the surrender and retention of the notes, paid and unpaid, did not alter the contract rights of the parties, nor prevent the payments as made from applying to and extinguishing the notes in the order in which they became due.

2. That inasmuch as the alleged cause of action was based in part upon two notes which had been paid and therefore had no legal existence when the suit was commenced, the plaintiff certainly could not complain of a judgment in her favor for $50 and costs upon this branch of the case, although without interest.

Certain trunks bought by the defendants were not to be paid for by them until all had been sold, and this had not occurred when the plaintiff began her action. *Held* that the plaintiff was not entitled to interest on the amount of the judgment ($15.50) for this item.

Argued June 6th—decided August 2d, 1917.

Action to recover an alleged balance due for merchandise sold, brought to and tried by the City Court of Danbury, *Davis, Associate-Judge;* facts found and judgment rendered for the plaintiff for $65.50, from which she appealed. *No error.*

*Chester H. Brush,* for the appellant (plaintiff).

*Henry C. Wilson,* for the appellees (defendants).

Roraback, J. The complaint contains four counts. The principal controversy grows out of the allegations

of the first count of the amended complaint, which reads substantially as follows: On or about April 30th, 1915, the plaintiff sold to the defendants a part of a stock of men's furnishings, under the following written agreement: "Danbury, Conn., April 30, 1915.

I, Rosa Schwartz from 104 White St. Danbury, Conn. Co. of Fairfield, have sold to Dashiff & Kruzansky, Style of firm E. Z. System at 32 White St. Danbury, Conn. part of stock consisting of Gents Furnishing & Clothing amounting to $485.75 same being paid as follows. $25. cash the balance $25 weekly per notes. $60.75 note due May 1, 1915 and balance in notes as agreed on the notes.

Dashiff & Kruzansky."

The defendants failed to make payments in accordance with the terms of said contract, and there remained due on the same on August 7th, 1915, the sum of $100. To facilitate the weekly payments called for in the contract, a series of notes for $25 each, payable one week apart, were executed. Four of these notes remained unpaid August 7th, 1915. The fourth note has been paid since the commencement of this suit, on the 7th day of August, 1915.

The defendants in their answer admitted the sale of the goods, and that the agreement described in the complaint was signed by them; that notes, payable one week apart, were given to the plaintiff; and that there were sixteen notes, each for $25, made by them. The remaining allegations of this count were denied by the defendants. The defendants in their answer also averred that by a mistake seventeen notes were given instead of sixteen as intended, and that the seventeenth note was without consideration and void.

The finding shows that by the written contract the sum of $485.75 was to be paid in instalments as follows:

$85.75 in cash at or about the time of the sale, and the balance of $400 in sixteen promissory notes of $25 each, payable one week apart. The sum of $85.75 was paid to the plaintiff by the defendants, and a series of notes, all dated May 1st, 1915, was signed and delivered by the defendants to the plaintiff. These notes were numbered from one to sixteen, inclusive. It also appears that seventeen notes were made and delivered by the defendants to the plaintiff. The notes falling due on July 31st and August 7th, 1915, were both numbered "13." The parties did not intend to make the seventeenth note and there was no consideration therefor. These notes were not presented in their numerical or chronological order, but several of them were presented without regard for such order. Notes one to eleven, inclusive, and fifteen and sixteen, were paid by the defendants prior to the date of the complaint. Number fourteen was paid by the defendants to the plaintiff subsequent to the time when the action was commenced and before the trial. Fourteen of the series of sixteen notes were paid by the defendants to the plaintiff. Note number twelve, and two notes each numbered "13" were presented to the defendants for payment, but payment was refused on account of the discrepancy in number and presentation. No interest was charged upon any of the notes.

It may be ascertained by a little mathematical calculation that notes number fourteen, fifteen and sixteen were not due at the time when this action was commenced on August 7th, 1915. It appears that note number fourteen, improperly numbered "13," was due August 7th, 1915, note number fifteen was due on August 14th, 1915, and note number sixteen was due on August 21st, 1915. These notes were the only ones unpaid when this action was commenced. Number fourteen has been paid since the commencement of this action.

There are now two notes of $25 each, or $50, unpaid. This was the exact amount which the defendants offered to allow the plaintiff to take judgment for. This the plaintiff refused to accept. This is, also, the amount of the judgment rendered for the plaintiff upon this part of the case.

The right of the plaintiff to recover in this connection depends upon the allegations of her complaint and upon her claim that the defendants failed to make payments in accordance with the terms of the written contract and that there was $100 due thereon when she commenced her action on August 7th, 1915. As stated, it appears that by the terms of the contract, three of these notes, namely, numbers fourteen, fifteen and sixteen, were not due when this action was instituted. The terms of the contract were in conformity with the terms of the notes, except as to the one which was apparently given by mistake. The plaintiff, by her improper presentation and collection of these notes, attempted to change the terms of the contract and the terms of several of the notes. The surrender of the notes before they were due did not alter the terms of the contract, or of the notes due or not due. These payments should have been accepted and applied to that portion of the indebtedness and to the notes due when these payments were made. When so applied, the debt or debts now said to be due when this action was brought were necessarily extinguished. Whether or not the notes affected by these payments were surrendered is immaterial, in so far as the discharge of the debt or debts to which such payments should have been applied is concerned. *New Haven Mfg. Co.* v. *New Haven Pulp & Board Co.*, 76 Conn. 126, 129, 130, 55 Atl. 604.

The alleged cause of action now before us is based upon certain notes which were due and paid, and which had no legal existence when this action was commenced.

The defendants offered to allow the plaintiff to take judgment for $50. This offer was refused by the plaintiff. It follows, therefore, that the plaintiff has no ground to complain of the action of the trial court in rendering judgment in her behalf for $50 and costs, upon this branch of the case. This also puts an end to the plaintiff's claim that the court below should have allowed her interest upon the notes.

The remaining reasons of appeal require only a passing notice. One of them objects to the judgment rendered, upon the ground that no interest was added to the judgment for certain trunks referred to in the second count of the complaint. A sufficient answer to this claim appears in the finding of the court that these trunks were not to be paid for until sold, and that they were not sold when the plaintiff commenced her action.

There is no error.

In this opinion the other judges concurred.