## Capitol Coal Company *vs.* William Greenberg et al.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued January 7th—decided February 23d, 1932.

*Louis M. Schatz,* with whom was *George M. Hyman,* for the appellant (plaintiff).

*David A. Wilson,* with whom was *Leon J. Greenberg,* for the appellees (defendants).

Maltbie, C. J. This action was brought to recover the balance due upon a sale of coal by the plaintiff to the defendants. The complaint was in the form of the common counts with a bill of particulars, which itemized three deliveries, two, in the aggregate of about eighty-five tons, at $7.50 a ton, and one, of one ton, at $8.50 a ton, and which also stated payments

made by the defendants to the amount of $150. While
this pleading does not state whether the price named
was one agreed upon or was based upon the reason-
able value of the coal, the finding discloses that an
agent of the plaintiff offered coal to the defendants
at $7.50 per ton and they thereupon ordered delivery,
first of one load and, after trying that, the balance,
except the last ton. The sale, except of the last ton,
must therefore be regarded as one for an agreed price.
The defendants in their answer admitted the delivery
of the coal and then alleged that the plaintiff made
certain representations as to its quality, that it was
not as represented, that the plaintiff, being notified of
this, first sent a man to the building in an attempt to
make it usable and, when he failed, agreed to have the
flue in the building cleaned and if the coal did not
then burn properly to remove it, that cleaning the flue
was without result, that the defendants then employed
a fireman suggested by the plaintiff, that the coal still
would not heat the building and the defendants noti-
fied the plaintiff to remove it, and that ever since it
had remained in the defendants' building subject to
the plaintiff's order.

The trial court found the facts much as alleged in
the answer except that the agreement, made after the
defendants had tried the coal and adopted various ex-
pedients suggested by the plaintiff in the effort to use
it, was that if the defendants would pay $100 the
plaintiff would send a sample of a different coal and
if it proved satisfactory it would take out all the coal
previously sent and replace it with coal like the sam-
ple, that the $100 was paid and the sample proved
satisfactory, and the defendants so notified the plain-
tiff, that the plaintiff did not replace the coal first sent
with other coal like the sample but solicited the de-
fendants to make further trial, that this was done

without success and the defendants abandoned further attempts to use it. The court also found that the exact amount of the coal that had been used by the defendants could not be determined but it was more than half that sent, and that the value of all the coal delivered was $300. The court gave judgment for the plaintiff to recover the difference between this sum and the $150 which the defendants had paid.

The answer did not claim to recoup damages due to a breach of warranty in diminution or extinction of the purchase price, nor set up a counter claim for such damages, remedies permitted under the Sales Act for breach of warranty. General Statutes, § 4689. Under our present practice, recoupment is to be pleaded as a counterclaim and requires a prayer for affirmative relief. General Statutes, § 5511; Practice Book, p. 493, Form 412, p. 496, Form 421; *New Haven Mfg. Co.* v. *New Haven Pulp & Board Co.*, 76 Conn. 126, 130, 55 Atl. 604. Sufficient facts are not alleged to establish a rescission of the contract for a breach of warranty, another remedy provided in the statute; nor was the answer based upon a representation of the plaintiff found to have been made at the time of the purchase, that if the coal was not good the plaintiff would change it. The answer can only be construed as relying upon the breach of a promise of the plaintiff, made when soliciting the defendants to continue their efforts to use the coal, that if it did not burn properly after the expedient suggested had been tried, the plaintiff would remove it. Whether the promise found to have been made, to replace the coal originally sent with other coal, if the sample of the latter proved satisfactory, would come within the allegations of the answer, we have no occasion now to inquire. Assuming that it would, as the agreement is stated in the finding, it could only apply as regards

unused coal. As to that coal, the facts are sufficient to defeat any right to recover the price agreed upon. But the agreement and its breach would not, as now found, in themselves prevent a recovery of the price of the coal which had been used. As far as that coal is concerned, the right to recover the price agreed upon could only be defeated by properly pleading and proving a breach of warranty. There is no basis in the pleadings for a recovery by the plaintiff of the reasonable value of the coal delivered to the defendants.

There is error, the judgment is set aside and a new trial directed.

In this opinion the other judges concurred.