#### IN THE

## SUPERIOR COURT OF JUDICATURE,

#### FOR THE

## COUNTY OF COOS, JULY TERM,

#### A. D. 1837.

---

## MAHURIN *vs* PEARSON and BELLOWS.

Where a promissory note was signed by one as principal, and another as surety, evidence that the creditor, upon a request by the surety that he would collect the debt, said that the principal had paid a part, and was making arrangments to pay the residue, and that he should not call on him for the note, or words to that effect, is not sufficient to discharge the surety.

In an action upon a promissory note against principal and surety, a demand due from the plaintiff to the principal may be set off.

But if there are other mutual dealings between the plaintiff and the principal, *quere* whether there can be any set-off except of the balance due.

ASSUMPSIT on a note for $100, dated November 3, 1834, payable to the plaintiff, in sixty days, with interest. The defendant, Bellows, signed the note as surety for Pearson. The defendants pleaded the general issue, with notice of set-off of demands in favor of said Pearson. The plaintiff objected to receive said set-off, and the evidence offered in support thereof, on the ground of want of mutuality of the parties, the set-off being in favor of one of the defendants only ; whereupon the court rejected the set-off, and the evidence offered. The defendant, Bellows, in order to show a discharge from any liability on said note, offered the testimony of a witness, that the last of December, 1834, or the first of January, 1835, Bellows and Mahurin had a conversation about a $100 note which Bellows had signed with Pearson. Bellows told Mahurin he wished the note sued

as soon as it was out, as he did not wish to stand surety to Pearson any longer. Mahurin said part of the note had been paid, and arrangements had been made with Pearson for the remainder. Mahurin also said that he would not call on Bellows for the note, but the witness could not tell the words made use of by Mahurin.

On the above evidence the court directed a verdict for the plaintiff, which the defendants moved to set aside.

*Wells,* for the defendants, cited 3 *Mason* 138, *Jackson* vs. *Robinson & al ;* 12 *Vesey* 346, (*cited* 4 *Johns. C. R.* 14) *ex parte Hanson ;* 18 *Vesey* 232; 5 *Vermont R.* 111, *Mott* vs. *Mott ;* 4 *Conn. R.* 297, *Pond* vs. *Smith ;* 5 *Greenleaf R.* 415, *Moody* vs. *Towle ;* 6 *N. H. R.* 28, *Woods* vs. *Carlisle & a ;* 4 *Bing.* 423, *Bourne* vs. *Bennett ;* 8 *Pick.* 122; 2 *ditto* 223 ; *Doug.* 235, 250.

*Young,* for the plaintiff, cited *Byles on Bills of Exchange* 141 ; 1 *B. & P.* 652, *Walwyn* vs. *St. Quintin ; Doug.* 235, 247, *Dingwall* vs. *Dunster ; Theobald, Principal and Surety,* 127, 137 ; 3 *N. H. R.* 231 ; *Chitty* 296, *Arundel Bank* vs *Goble K. B.* 1817 ; 2 *Chitty's Rep.* 335, *S. C ;* 2 *Marsh.* 383, *Williams* vs. *Whitaker ;* 5 *Taunt.* 614, *Brinkwood* vs. *Ames ;* 4 *Bing.* 717, *Philpot* vs. *Bryant ;* 1 *Moor & P.* 754 ; 5 *N. H. R.* 99, *Bank* vs. *Woodward ;* 3 *Manning & Ryland* 124, *Calvert* vs. *Gordon ;* 2 *Simons* 253, *S. C.;* 1 *Car. & Pay.* 150, *Hough* vs. *Warr ;* 3 *Car. & Pay.* 106, *Loveland* vs. *Knight ;* 2 *Stark.* 228, *Parker* vs. *Leigh ;* 1 *Moody & Malkin* 14, *Farquhar* vs. *Southey ;* 2 *Camp.* 185, *Laxton* vs. *Peat ;* 2 *Starkie* 531, *Adams* vs. *Gregg ; Byles on Bills,* 138, *and cases cited ;* 8 *Pick.* 122, *Baker* vs. *Briggs.*

PARKER, J. The evidence offered is not sufficient to discharge the surety. Mere delay by the creditor to collect the debt, after a request to that effect from the surety, will

not operate as a discharge, (3 *N. H. R.* 231,) and we are of opinion that the evidence does not show such a renunciation of all claim upon the surety, as can avail to discharge him without any consideration paid, or evidence of loss sustained. 2 *Stark. Rep.* 228, *Parker* vs. *Leigh ; ditto* 531, *Adams* vs. *Gregg* ; *Doug.* 247, *Dingwall* vs. *Dunster* ; 1 *Camp.* 35, *Whately* vs. *Tricker ;* 8 *Pick.* 122, *Baker* vs. *Briggs ;* 2 *Johns. Ch. Rep.* 557, *King* vs. *Baldwin.* Whether evidence of the latter description is admissible in such case may perhaps admit of question.

But the court erred in rejecting the set-off. It being shown that Bellows is a mere surety, we are of opinion there is sufficient mutuality in a debt due from the plaintiff to Pearson, to authorize it to be allowed in set-off, under our statue. 6 *N. H. R.* 27, *Woods* vs. *Carlisle ;* 4 *Bing.* 423, *Bourne* vs. *Bennett ;* 12 *Ves.* 349, *ex parte Hanson ;* 18 *Ves.* 232, *S. C.* The cases in Vesey are cited without disapprobation by Chancellor Kent, 4 *Johns. Ch. R.* 15, *Dale* vs. *Cooke,* although he held as a general principle "that joint and separate debts cannot be set off against each other in equity any more than at law."

There are several considerations which show the propriety of allowing the set-off in this case. If the debt from the plaintiff to Pearson, which was offered in set-off, was contracted after that now in suit, it very probably might have been regarded by the parties as in effect a payment thus far. It is at least but equitable that it should so operate, whether contracted before or after. The rule in equity is, that if a creditor have security, the surety, on payment by him, is entitled to be substituted, and to have the benefit of that security. 8 *Pick.* 122 ; 4 *Johns. Ch. R.* 129, *Hayes* vs. *Ward ;* 4 *Ves.* 829, *Law* vs. *The East India Company ;* 7 *Wend.* 326, *Evernghim* vs. *Ensworth.* If, instead of having security, the creditor owes the principal part of the amount, and the principal is willing to put it in set-off, it is equally reasonable that the surety should have

the benefit of the credit which the creditor has obtained of the principal. And, moreover, it will tend to prevent multiplicity of actions ; for, should the plaintiff collect his debt of Bellows, the latter must have an action against Pearson to recover the amount, and Pearson will have a right of action on the claim now offered in set-off.

Whether any thing can be set off in this or any other case beyond the balance due from the plaintiff, on an adjustment of all the demands between the parties which are not comprehended in the suit, is a question not settled by this decision.

*New trial granted.*