THOMAS W. PARK *et al.* v. DEWEY ENSIGN, *as Executor, etc.*

No. 12,084.  (71 Pac. 230.)

SYLLABUS BY THE COURT.

1. ESTOPPEL — *Principal and Surety — Attorney at Law.* The fact that an attorney at law who is a surety on a promissory note appeared as attorney for his principals in an action brought against the latter to recover on the note, and assisted in managing and conducting their defense, does not make a judgment rendered against the principals conclusive on the attorney or his cosureties in a separate suit on the note, brought against them.

2. ——— *Promissory Notes — Pleading and Practice.* The payee of a promissory note sued the principals and sureties thereon for the amount of the note, and in the same petition joined a cause of action for damages recoverable against the principals alone. A demurrer to the petition on the ground of misjoinder was sustained, and, upon plaintiff's application, separate actions were docketed against the principals and sureties, respectively, on the note, both, however, omitting the claim for damages against the principals. *Held,* that the severance of the causes of action in consequence of the demurrer did not estop the sureties from pleading, as a defense in the suit against them, a cause of action for damages in favor of their principals against the payee of the note, or require them further to follow the progress of the suit against the principals.

3. ——— *Judgment — Prima Facie Evidence.* A judgment recovered against the principals on a promissory note in a suit against them alone is *prima facie* evidence only of liability on the part of sureties in a separate action against the latter, and the sureties are not estopped by such judgment from pleading and proving a defense unsuccessfully urged by their principals.

Error from Johnson district court; JOHN T. BURRIS, judge. Opinion filed January 10, 1903. Reversed.

STATEMENT.

ON August 31, 1895, D. B. Park and S. R. Park leased, in writing, of Daniel Ensign 480 acres of land in Johnson county for one year, commencing March

1, 1896, and, at the same time, the lessees, as princi-
pals, and Thomas W. Park, W. H. Strother, and
George B. Strother, as sureties, executed and delivered
to the lessor certain promissory notes to secure the
payment of the rent stipulated for in the lease. On
June 14, 1897, the lessor commenced an action, No.
5278, in the district court against D. B. Park, S. R.
Park, Thomas W. Park, W. H. Strother, and George
B. Strother, to recover a balance of $232.10, due upon
one of the notes, and also to recover the sum of $450
as damages to the leased premises. The defendants
in that action demurred to plaintiff's petition on the
ground that several causes of action were improperly
joined, which demurrer was sustained.

Upon application, the plaintiff was allowed by the
court to file several petitions, each including its proper
cause of action, and to proceed without further service.
Thereupon action No. 5423 was docketed against D.
B. Park and S. R. Park, omitting the claim for dam-
ages, and asking judgment only for the balance due
upon the note, and at the same time action No. 5424
was docketed against the defendants Thomas W.
Park, W. H. Strother, and George B. Strother, to re-
cover the same balance due on the same note.

In case No. 5423 the defendants set up a counter-
claim for damages accruing to them on account of the
destruction of a fence enclosing the leased real estate,
whereby they were not permitted to enjoy the prem-
ises, and a promise on the part of the lessor to pay such
damages. A verdict was found and judgment rendered
against D. B. Park and S. R. Park for $176.37.

In case No. 5424 the defendants answered that they
were sureties only for D. B. Park and S. R. Park, and
set up the same defense against their liability which
had been unsuccessfully urged in case No. 5423 by

their principals. The plaintiff replied by setting up the proceedings and judgment in case No. 5423, claiming the subject-matter of the answer to be *res judicata*. The action was tried before the court, without a jury. The court held the burden of proof to be upon the plaintiff and denied an application on behalf of the defendants to be allowed the opening and closing, whereupon plaintiff introduced the record in cause No. 5423 and rested. The defendants then introduced evidence tending to sustain the claim for damages, and the agreement of the lessor to recompense the lessees therefor, which was not rebutted. The court found the facts to be substantially as set forth above, and in addition thereto made the following findings :

"10. The defendant George B. Strother is an attorney at law, and appeared at the trial of said cause against the said D. B. Park and S. R. Park as one of the attorneys for said defendants and assisted in managing and conducting their defense."

"15. The defendants in this action, by their demurrer aforesaid, voluntarily declined to litigate any questions which might arise upon said lease, for the reason that they had not signed that instrument, and in this action plaintiff seeks to recover against them on the note alone, and only the amount found to be due from their principals, D. B. Park and S. R. Park."

As a conclusion of law, the court sustained the contention of the plaintiff that the matters of defense had been finally determined in the first suit, and that the judgment thereon against the principals was binding on the sureties, and rendered judgment against the latter in the sum of $176.37.

During the progress of the litigation Daniel Ensign died, and his son, Dewey Ensign, having been appointed executor of his estate, the actions were, by consent of all parties, revived in his name as plaintiff.

After their motion for a new trial had been over-ruled the sureties commenced this proceeding in error to reverse the judgment against them.

*H. L. Burgess*, and *Parker & Hamilton*, for plaintiffs in error.

*I. O. Pickering*, for defendant in error.

The opinion of the court was delivered by

BURCH, J. : The fact that one of the sureties, as an attorney at law, conducted the defense of his princi-pals contributed nothing to the effect of the judgment as an estoppel against either himself or his cosureties. So far as he was concerned he might have been limited in making such defense by instructions, or he might have been discharged at any stage of the trial, and, in any event, he was not subject, in the practice of his profession, to the hazard of being personally bound by a judgment against his clients.   The rules under which one not a party to the record may be held to have submitted his interest in the litigation are thus summarized in Black on Judgments : ·

'' But in order that this result may be brought about, it is necessary that three conditions be fulfilled.   In the first place, the person so intervening in the 'suit must come in for the assertion or protection of some claim or interest of his own.   He must not be a mere intermeddler. . . .   Secondly, he must have de-fended the action avowedly and with notice to the op-posite party, and not upon a secret understanding. And thirdly, his interposition must have been so com-plete that he was practically substituted for the de-fendant in the management and control of the case. That he employed the attorney who appeared for the defendant of record ; that he himself testified as a wit-ness ; that he was present and aided in the conduct of the trial ; that he cross-examined the witnesses ; that

he lent assistance in money or services to the defendant; that he joins in taking an appeal;—none of these circumstances alone is sufficient to make him a party to the judgment." (Vol. 2, §540.)

Since the attorney did not preclude himself from resisting the plaintiff's suit, much less could it be said that, by accepting professional employment, he staked the fate of his cosureties upon a proceeding to which they were not parties, and which they could not defend.

It is claimed, however, that all the facts presented by the record disclose notice to the sureties of the suit against their principals and an opportunity to appear there and urge their defenses, or, at least, an opportunity to move for a consolidation of the actions, and that, failing to avail themselves of these privileges, they are bound by the judgment. In *Graves v. Bulkley*, 25 Kan. 249, 255, 37 Am. Rep. 249, it was said:

"To our mind the better opinion, however, is, that except in cases where, upon the fair construction of the contract, the surety may be held to have undertaken to be responsible for the result of a suit (*Kennedy v. Brown*, 21 Kan. 171), or when he is made privy to the suit by notice, and the opportunity is given him to defend it, a judgment against the principal is not conclusive against the surety."

But this allusion to privity by notice and opportunity to defend can only refer to a practice which does not obtain in this state. The contract of suretyship imposed no duty upon the sureties to defend their principals, gave the principals no right to represent the sureties, and gave one surety no authority, in any capacity, to charge his fellows by either his knowledge or his conduct. In *McConnell v. Poor*, 113 Iowa, 133, 84 N. W. 968, 52 L. R. A. 312, it was said:

"Privity, says Greenleaf, denotes mutual or suc-

cessive relationship to the same right of property. Privity in law involves the right of representation, and certainly the principal, in an action against himself alone, may not represent the surety. As was said in *Giltinan v. Strong*, supra : 'The privity of the surety with his principal is in the contract alone, and not in the action.' For the acts or omissions of the principal to which the surety pledges himself in his contract he is bound, and it is only in this respect the principal represents the surety.''

There was, therefore, no privity between the principals and sureties with reference to the suit against the principals, and the sureties could not be concluded by its result upon any other notice than process duly served. (*Fletcher et al. v. Jackson et al.* 23 Vt. 581, 592, 56 Am. Dec. 98 ; *Jackson v. Griswold*, 4 Hill [N. Y.] 522.) Nor were the sureties under any obligation to move for a consolidation of the actions after the plaintiff had eliminated the matter originally necessitating the severance. They could abide the status of the case made necessary by the plaintiff's own pleading. It follows that under the decisions of *Graves v. Bulkley*, supra, and *Fay v. Edmiston*, 25 Kan. 439, the judgment against the principals was only *prima facie* evidence against the sureties in the suit against the latter.

Plaintiffs in error insist that in actions against sureties upon promissory notes a judgment against the principals is not even *prima facie* evidence against the sureties, and have an abundance of well-reasoned authority to sustain them. In the cases last referred to surety contracts are distinguished into but two classes—those in which the surety obligates himself to be responsible for the result of the suit, and those in which he does not, and the decisions were made upon contracts of the latter character. Long time

and earnest consideration were given the subject when these opinions were rendered. They have remained the law for twenty-one years, and the question will not now be reexamined or the rule there announced be disturbed.

That which is designated as finding of fact No. 15 is not a finding of fact at all, but a conclusion of law as to the effect of the demurrer in the original action, and as such is erroneous. The defendants below did not decline to litigate "any question" which might arise upon the lease ; they only declined to litigate a liability which could not in any event fall upon them. As simple sureties upon the note they could not, in addition, be bound to respond in damages for the conduct of their principals under the lease. They assumed no such obligation, and had the right to be severed from such contest. The demurrer extended no further, and they could not be concluded beyond its terms. They were still at perfect liberty, in the separate action against them, to plead any fact which the principals might plead to defeat the plaintiff's demand, and their assertion of a claim for damages in favor of the principals for that purpose was nowise inconsistent with their refusal to be implicated in a suit for damages against the principals which was foreign to their undertaking.

Upon the issues made by the pleadings the defendants below were entitled to open and close the case. The execution of the note being admitted, judgment must have gone for the plaintiff had no evidence been introduced, and hence the defendants had the right to proceed first in removing the liability appearing against them on the face of the pleadings. While the question could not be of importance upon the evidence as it finally stood, still, as a matter of practice,

the defendants should have been allowed the privilege of the rule upon request.

Since the uncontroverted evidence introduced by the sureties was sufficient to overthrow the *prima facie* case made by the judgment against their principals, the judgment of the district court is reversed, with direction to grant a new trial.

All the Justices concurring.