494 P.2d 379

GREAT AMERICAN INSURANCE COM-
PANY, a New York corpora-
tion, Appellant,

v.

FRED J. GALLAGHER CONSTRUCTION
COMPANY, a corporation, et al.,
Appellees.

No. 2 CA–CIV 1053.

Court of Appeals of Arizona,
Division 2.

March 8, 1972.

Shimmel, Hill & Bishop, P. C., by James B. Rolle, III, Phoenix, for appellant.

Johnson, Hayes, Morales & Stompoly, P. C., by J. Mercer Johnson and John G. Stompoly, Tucson, for appellees.

HOWARD, Judge.

This is an appeal from a judgment in a declaratory judgment action instituted by appellant to determine the amount payable on a supersedeas bond.

The facts come to us by means of an agreed statement of facts signed by the parties and by the trial judge. Tucson Utilities Supplies, Inc., hereinafter referred to as Tucson Utilities, filed a suit in the trial court against Fred J. Gallagher Construction Company, hereinafter referred to as Gallagher, and Fidelity & Casualty Company of New York, hereinafter referred to as Fidelity. Gallagher filed a counterclaim against Tucson Utilities. The case was tried before a jury and on March 4, 1962, the jury entered a verdict in favor of the plaintiff Tucson Utilities, and against both defendants Gallagher and Fidelity in the sum of $5,733.77. The jury also awarded Gallagher the sum of $7,500 on its counterclaim against Tucson Utilities. A form of judgment was submitted to the trial court by the defendants Gallagher and Fidelity which contained a set-off, awarding the defendant Gallagher a

judgment in the amount of the difference between its judgment and the judgment awarded the plaintiff. Tucson Utilities objected to the form of judgment and this objection was sustained.

After denial of Tucson Utilities' motion for a new trial, Tucson Utilities moved the trial court to fix the amount of supersedeas bond and argued that the bond should be a sum equal to the difference between the two judgments, in other words, $1,766.23. Its motion was denied and the trial judge set the supersedeas bond in the sum of $7,500, together with costs on appeal and interest.

Tucson Utilities appealed that portion of the judgment which granted the defendant Gallagher judgment against it for $7,500. On December 11, 1967, the judgment was affirmed by the Arizona Supreme Court.

Thereafter, Gallagher made demand upon the appellant, Great American Insurance Company, hereinafter referred to as Great American, which was surety on the supersedeas bond filed by Tucson Utilities, for the full amount due under the supersedeas bond. Great American refused to pay the full amount and instead filed its petition for declaratory relief seeking a declaration from the court of the amount it was obligated to pay Gallagher. Great American contended in the trial court and contends here that it is entitled to set off the amount of the judgment which Tucson Utilities was awarded against Gallagher.

The trial court did not agree with the contention and awarded Gallagher judgment against Great American in the full sum of $7,500, together with interest and costs.

## RES JUDICATA

In Day v. Estate of Wiswall, 93 Ariz. 400, 381 P.2d 217 (1963), the court held that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive as to every point decided therein, and also as to every point raised by the record which could have been decided, with respect to the parties or their privies. Appellees contend that since Tucson Utilities did not, in its appeal to the Supreme Court, raise the issue of set-off and since Great American, as surety for Tucson Utilities, steps into the shoes of Tucson Utilities, the issue of set-off cannot be raised at this time.

■■■ We do not agree. When a case is on appeal we believe that the rule set forth in De Camp v. Thompson, 159 N.Y. 444, 54 N.E. 11 (1899), and followed in In re Lincoln Square Slum Clearance Project, 34 Misc.2d 145, 224 N.Y.S.2d 796 (Sup.Ct. 1962), applies. The court held that:

> "The authorities seem to be quite uniform to the effect that a judgment, to be available as a set-off, must be a valid, subsisting obligation and final in its nature, and hence that judgments cannot be set off against each other where one of them has been appealed from and the appeal is still pending and undetermined." 159 N.Y. at 448, 54 N.E. at 12.

Since the judgment in favor of Gallagher and against Tucson Utilities was not final by virtue of its having been appealed, the set-off issue could not have been raised by Tucson Utilities on the appeal and was therefore not res judicata.

## THE RIGHT TO SET-OFF

■■■ The relationship between Tucson Utilities and Great American was created by the supersedeas bond and is that of principal and surety. It is the general rule that, when the surety and principal are joined as defendants, a claim due from the creditor to the principal may be set off against the claim of the creditor. Becker v. Northway, 44 Minn. 61, 46 N.W. 210 (1890); Raymond Bros. v. Green & Co., 12 Neb. 215, 10 N.W. 709 (1881); Restatement of Security § 133(2) (b) (1941).

The Comment on subsection (2) of the Restatement mentioned above states:

> "It is desirable to settle the controversies of the parties with the minimum of litigation, and where the surety is able to make the principal a party to the action

the principal's set-off against the creditor can be made available to the surety either for a reduction or a discharge of his liability."

█ In Arizona, the set-off of mutual judgments rests within the sound discretion of the court. Martin v. Wells, Fargo & Co., 3 Ariz. 355, 28 P. 958 (1892). The discretion of the court in allowing or denying a set-off as between judgments is not an arbitrary discretion but a judicial one. Murray v. Skirm, 73 N.J.Eq. 374, 69 A. 496 (1908); Leitz v. Hohman, 207 Pa. 289, 56 A. 868 (1904).

Appellees contend that Ariz.R.Civ.P. 73(r), 16 A.R.S. and A.R.S. § 12–2105, subsec. B, preclude any action by the trial court other than a judgment against the surety in the full amount of its undertaking. We do not agree. 73(r) provides:

"By entering into a . . . supersedeas bond . . . the surety submits himself to the jurisdiction of the court and irrevocably appoints the clerk of the superior court as his agent upon whom any papers affecting his liability on the bond may be served. His liability may be enforced on motion without the necessity of an independent action. The motion and such notice of the motion as the court prescribes may be served on the clerk of the court who shall forthwith mail copies to the surety if his address is known."

A.R.S. § 12–2105, subsec. B provides:

"When a supersedeas bond has been given, and the appeal is from a judgment for the recovery of money, the supreme court shall give judgment against appellant and the surety upon such bond for the amount of the judgment with interest from the date of its rendition."

We perceive that the purpose of Ariz.R. Civ.P. 73(r) was to provide a more conven-

ient method for the enforcement of the surety's liability by means of a motion rather than the more cumbersome process of an independent action. *See* 3 Barron & Holtzoff, Federal Practice and Procedure §§ 1441, 1442 (Supp.1971). We believe that the purpose of A.R.S. § 12–2105, subsec. B was to circumvent the necessity of any separate proceedings to procure a judgment against the surety.

Neither the rule nor the statute prohibits the equitable principles of set-off.

█ The facts before us show no reason why the court should not have granted the set-off. The facts do not disclose any principles of equity that would be violated by allowing a set-off. An affirmance of the trial court in this case would only lead to a multiplicity of suits, a highly undesirable result. We hold that the trial court abused its discretion in not allowing the set-off.

Appellees have raised matters in their answering brief which are not contained in the agreed statement of facts and we have therefore not considered them.

The case is remanded with directions to enter a judgment declaring that appellant Great American is entitled to set-off against the judgment owed by Tucson Utilities to Gallagher, the amount of the judgment which Tucson Utilities has against Gallagher.

HATHAWAY, J., and BEN C. BIRDSALL, Judge of the Superior Court, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge BEN C. BIRDSALL was called to sit in his stead and participate in the determination of this decision.