KENNETH SLOAN ET AL. *v.* MATTHEW
KUBITSKY ET AL.
(AC 16471)

Lavery, Landau and Spear, Js.

Argued December 2, 1997—officially released June 2, 1998

*Lars Edeen, Jr.*, with whom, on the brief, was *Steven P. Ciardiello*, for the appellant-appellee (defendant Edward J. Winter).

*John H. Hanks*, for the appellees-appellants (plaintiffs).

*Frank R. Grundman*, for the appellee-appellant (named defendant).

*Opinion*

SPEAR, J. The plaintiffs, Kenneth C. Sloan and Patrick J. Romano, and the defendant-third party plaintiff Matthew F. Kubitsky brought suit against the defendant Edward J. Winter alleging a breach of Winter's guarantee of a promissory note on which the corporate maker defaulted.[1] Winter appeals from the judgment of the

---

[1] Sloan and Romano brought suit against Atlease, Inc., Michael Inzitari, Kubitsky and Winter claiming that each was liable for Sloan and Romano's payment of the promissory note that was guaranteed by each defendant. Kubitsky filed a cross claim against the other defendants claiming a breach of their guarantees of the note. By the time of trial, Kubitsky and Inzitari had settled with Sloan and Romano, and Atlease, Inc., had been defaulted. The posture of the case at trial was that Sloan, Romano and Kubitsky each had a claim against Winter. Kubitsky's claims against Inzitari and Atlease are not at issue here.

trial court in favor of the plaintiffs and the third party plaintiff. He claims that the court improperly (1) precluded his defense of recoupment on the ground that the claim that he sought to raise belonged to the debtor corporation, and (2) refused to allow him to "stand in the shoes" of the debtor corporation to raise the recoupment defense. The plaintiffs and Kubitsky filed cross appeals, claiming that the trial court improperly denied their requests for attorney's fees on the basis of the absence of an express provision for such fees in the guarantee agreements. We affirm the judgment of the trial court as to the appeal, and reverse the judgment in part with respect to the cross appeals.

The trial court's memorandum of decision sets out the factual and procedural history of the case, the relevant findings and the court's conclusions of law. Winter was a majority shareholder of Atlease, Inc., a New York corporation. In 1984, Sloan and Romano, principal shareholders of Firstway Corporation,[2] executed a guarantee of a promissory note that was made by Firstway for $500,000 in favor of Citytrust bank.[3] Firstway operated a car rental business in Stamford. In 1985, Atlease purchased the stock of Firstway. As consideration for the stock, Atlease assumed Firstway's obligation to pay the Citytrust note, and the defendants Atlease and Michael Inzitari executed a guarantee of the note.

Atlease subsequently defaulted on the note, and Citytrust sued Sloan and Romano on their guarantee. After settling with Citytrust, Sloan and Romano commenced an action against the defendant and others[4] on their

---

[2] In addition to Sloan and Romano, Kubitsky was also a principal in Firstway Corporation. Its stock was held by Firstway, Inc., a Delaware holding company.

[3] Kubitsky also executed a personal guarantee of the Citytrust note by separate document.

[4] See footnote 1.

agreement to indemnify the plaintiffs. Atlease did not appear at trial and was defaulted.

At trial, Winter alleged that prior to the 1985 sale of Firstway, the plaintiffs had fraudulently rolled back odometers on cars that were owned by Firstway.[5] The alleged effect of that action was to overvalue the cars, which had served as collateral for the Citytrust note that Atlease subsequently assumed and Winter personally guaranteed. In addition to raising several other special defenses,[6] Winter attempted unsuccessfully to raise the common law defense of recoupment to reduce the amount of the judgment that was sought by the plaintiffs. The trial court ruled that because Winter was the majority stockholder, but not the sole stockholder, of Atlease, the special defenses, including the defense of recoupment, actually belonged to Atlease and not to Winter. The court determined that because mutuality of obligation between the parties was lacking, Winter could not assert a recoupment defense. The court rendered judgment in favor of the plaintiffs and the third party plaintiff against Winter in the amount of $173,899.56.[7] The court denied the plaintiffs' requests for attorney's fees because the agreement that the defendant signed guaranteeing the Citytrust note did not expressly provide for such fees. This appeal and the cross appeals followed.

[5] Winter did not raise fraud as an affirmative defense to the plaintiffs' claim.

[6] Winter raised five special defenses, the first of which, challenging personal jurisdiction, was unsuccessful. The other four special defenses related to Winter's claim that the plaintiffs had rolled back odometers on Firstway vehicles that became the property of Atlease in the 1985 sale.

[7] This amount represents a principal sum of $97,500 plus interest, which was not challenged by Winter, in the amount of $76,399.56. Judgment also entered for $30,000 in favor of Kubitsky, another principal of Firstway, on his reformed complaint. The trial court's memorandum of decision states that Kubitsky's $30,000 judgment would subsequently be repaid to the plaintiffs by Kubitsky pursuant to a previous settlement agreement between the parties. Kubitsky's request for attorney's fees and prejudgment interest thereon was also denied by the trial court.

I

Winter first claims that the trial court improperly refused to allow him to raise the defense of recoupment with respect to the Citytrust note for which he was a personal guarantor. We disagree.

"Our courts [have] recognized the right of a person sued in an action upon contract, to recoup or cut back the amount which the plaintiff might recover, by showing a right of action for damages in himself arising out of the same contract or, in a qualified sense, transaction." *Boothe* v. *Armstrong*, 76 Conn. 530, 531, 57 A. 173 (1904). For a valid contract defense such as recoupment to be asserted, however, there first must be an enforceable contract between the parties. It is well settled in this state that there must be mutuality of obligation between the parties to a contract for the contract to be enforceable. *Hess* v. *Dumouchel Paper Co.*, 154 Conn. 343, 347, 225 A.2d 797 (1966); *R.F. Baker Co.* v. *P. Ballantine & Sons*, 127 Conn. 680, 683, 20 A.2d 82 (1941); *Hoffman* v. *Fidelity & Casualty Co.*, 125 Conn. 440, 443, 6 A.2d 357 (1939). Specifically, " '[t]he intention of the parties manifested by their words and acts is essential to determine whether a contract was entered into and what its terms were. . . . This determination requires a finding of mutuality of obligation.' " (Citation omitted.) *Hydro-Hercules Corp.* v. *Gary Excavating, Inc.*, 166 Conn. 647, 652–53, 353 A.2d 714 (1974).

The trial court properly found that Atlease, and not Winter, would be the party entitled to assert a recoupment defense because Atlease, not Winter, was the actual purchasing entity that contracted to assume the obligation to repay the Citytrust note. We conclude that the trial court properly determined that mutuality of obligation was a prerequisite to raising the common law defense of recoupment.

## II

Winter alternatively asserts that the trial court improperly prevented him from "standing in the shoes" of Atlease, the principal obligor, and raising the recoupment defense. Winter argues for the first time on appeal that the trial court neglected to address an exception to the mutuality requirement, available where the principal debtor fails to appear and raise available defenses because of insolvency. Restatement, Security § 133 (2) (1941); F. Childs, Law of Suretyship and Guaranty § 148 (1907). In such a case, the guarantor can then raise those defenses. The insolvent principal exception has been adopted by other courts; *United States ex rel. Johnson* v. *Morley Construction Co.*, 98 F.2d 781, 790 (2d Cir.), cert. denied, 305 U.S. 651, 59 S. Ct. 244, 83 L. Ed. 421 (1938); *In re Yale Express System, Inc.*, v. *Nogg*, 362 F.2d 111, 114–15 (2d Cir. 1966); and, in a proper case, this court could consider whether fairness dictates that we also adopt this exception. This is not that case because, as Winter concedes, the insolvency exception claim was never raised at trial nor was any evidence of Atlease's insolvency or dissolution ever presented.

The dissent mistakenly asserts that our analysis should center on the law of suretyship instead of on the requirement for mutuality of obligation between the parties to a contract, which was the issue that was raised on appeal. We do not agree.

This court has previously concluded that "[a] party . . . has a right to fair notice that a court may render a judgment with respect to a given issue. . . . When the trial court surprises a party by deciding a case on a claim that was not presented to it, that party obviously is no longer in a position to counter the claim." (Citations omitted; internal quotation marks omitted.) *Haynes Construction Co.* v. *Cascella & Son Construction, Inc.*, 36 Conn. App. 29, 36–37, 647 A.2d 1015, cert.

denied, 231 Conn. 916, 648 A.2d 152 (1994). Our Supreme Court has further stated that a court lacks jurisdiction to determine an issue that was not properly raised in the pleadings. See *Gordon* v. *Tufano*, 188 Conn. 477, 482, 450 A.2d 852 (1982).

The dissent focuses on an exception to the mutuality requirement, where both principal and surety are joined as defendants, that was *not* raised before the trial court and was neither argued to nor briefed for this court. In fact, Winter never advocated the adoption of *any* exception to the mutuality requirement until, on appeal, he argued for the first time that this court should adopt the insolvent principal exception to the mutuality of obligation requirement.[8] Moreover, the special defense of set-off, which the dissent discusses in detail, was specifically disavowed by Winter in favor of pleading only the separate and distinct defense of recoupment.

It is well settled that this court "shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. . . ." Practice Book § 4061, now Practice Book (1998 Rev.) § 60-5. Moreover, this court subscribes to the "[long-standing] rule that absent certain exceptional circumstances . . . claims not distinctly raised at trial will not be reviewed on appeal." (Internal quotation marks omitted.) *In re Michael A.*, 47 Conn. App. 105, 110, 703 A.2d 1146 (1997), quoting *Biggs* v. *Warden*, 26 Conn. App. 52, 57, 597 A.2d 839, cert. denied, 221 Conn. 902, 600 A.2d 1029 (1991). Our review of the record reveals that Winter was in no way precluded from raising the special defense of set-off in addition to the defense of recoupment. Nonetheless, he specifically declined to do so. Moreover, Winter had ample opportunity to urge the trial court to adopt

---

[8] At trial, Winter argued that New York law, which abrogates the requirement of mutuality of obligation, should apply to the present case. After the trial court declined to so adopt New York law, Winter made no argument with respect to the adoption of an exception to this state's mutuality requirement.

any one of the recognized exceptions to the mutuality of obligation requirement. At trial, Winter not only failed to raise the specific exception that is addressed by the dissent, where both the principal and the surety are joined as defendants, but he failed to advocate the adoption of any exception to the mutuality requirement until, on appeal to this court, he argued for the adoption of the insolvent principal exception for the first time. Accordingly, because Winter did not raise this claim in any manner at trial, we will not address it on appeal.

## III

The plaintiffs' and Kubitsky's cross appeals claim that the trial court improperly refused to award attorney's fees because of the absence of a specific provision for such fees in the guarantee agreement. Specifically, the language in the agreement provided that the plaintiffs and Kubitsky would be *indemnified* "against all actions, proceedings, interest, damages, costs and expenses" related to the Citytrust note. While the trial court found the absence of an express provision regarding attorney's fees to be dispositive, the plaintiffs and Kubitsky contend that the absence of such language does not preclude an award of attorney's fees in this case. After reviewing our case law with respect to the interpretation of indemnity agreements, we are persuaded that the plaintiffs and Kubitsky are entitled to those attorney's fees that were directly related to the defense of the original action on the note.

In support of their contention, the plaintiffs rely on *Burr* v. *Lichtenheim*, 190 Conn. 351, 460 A.2d 1290 (1983). In *Lichtenheim*, our Supreme Court acknowledged that where an indemnity agreement "makes no reference to attorney's fees and limits its scope to *'expenses* . . . incurred with any action brought to enforce [the indemnitees'] rights' "; (emphasis added)

id., 364; that indemnity agreement "allows no reasonable interpretation other than that attorney's fees would be limited to defense of the original action." Id. Further, the court reiterated the general rule that "in the absence of express contractual terms to the contrary, allowance of fees is limited to the defense of the claim which was indemnified and does not extend to services rendered in establishing the right to indemnification." Id., 363; see *Bodner* v. *United Services Automobile Assn.*, 222 Conn. 480, 497, 610 A.2d 1212 (1992); *Gino's Pizza of East Hartford, Inc.* v. *Kaplan*, 193 Conn. 135, 140–41, 475 A.2d 305 (1984); *Alpha Crane Service, Inc.* v. *Capitol Crane Co.*, 6 Conn. App. 60, 78–79, 504 A.2d 1376, cert. denied, 199 Conn. 808, 508 A.2d 769 (1986). Implicit in these cases is the proposition that an agreement to indemnify against all expenses allows for attorney's fees incurred in defense of the original action.

We conclude that the language in this indemnity agreement encompassed an award of attorney's fees. Because there was no express provision for those fees in the indemnity agreement, only those attorney's fees that were associated with the defense of the original action on the note may be awarded to the plaintiffs and Kubitsky.[9] Accordingly, because the plaintiffs and Kubitsky are entitled to receive those attorney's fees that were related to their defense of the Citytrust action on the note, we reverse in part the judgment of the trial court.

The judgment is reversed on the cross appeals only with respect to the award of attorney's fees and the

[9] The plaintiffs acknowledge that they are entitled only to attorney's fees that are directly related to the defense of the underlying action on the note. The parties have stipulated to the total amount of attorney's fees incurred both in defending the Citytrust action and prosecuting this action, but have not agreed on the amount attributable to defending only the original Citytrust action. It is not clear from the record whether Kubitsky was involved in the Citytrust action. This opinion established his right to recover fees incurred in that action, but makes no comment on whether he, in fact, incurred any such fees.

case is remanded for a hearing to determine what fees are attributable to the original action on the note.

In this opinion LANDAU, J., concurred.

LAVERY, J., dissenting. I respectfully dissent from the majority opinion, which affirms the trial court's decision to preclude the defendant Edward J. Winter from asserting recoupment as a defense. I disagree with the majority's conclusion that the trial court properly found that Atlease, and not Winter, would be the proper party to assert a recoupment defense and that mutuality of obligation was a prerequisite for Winter to assert the recoupment defense in this case. I would conclude that Winter was a proper party to assert, and should have been allowed to assert, the defense of recoupment in this case for the reasons I present.

The majority and the trial court have misplaced their focus on the requirement of mutuality of obligation instead of on the law of suretyship. The issue that is before us, and was before the trial court, is simply whether a guarantor such as Winter may assert the defenses of its principal in a suit brought by the beneficiary of the suretyship agreement. The hornbook law answer is yes on the facts of this case.[1]

"As a general rule, when a creditor sues a guarantor and does not name the principal debtor in the action, the guarantor is not entitled to raise defensively the claims of the principal debtor against the creditor. . . . The rationale behind this rule is to protect the claims of the principal, since the guarantor may not be in the

---

[1] The majority argues that Winter did not properly raise this claim to the trial court. I disagree. Winter raised the defense of recoupment in his pleadings and, therefore, to the trial court. It is the trial court that ignored the law of suretyship and the established rule that when a guarantor and principal are joined together as defendants, the guarantor can assert the defenses of his principal. The trial court choose to focus only on mutuality of obligation. Under the facts of this case, where the guarantor and principal are joined as defendants, mutuality of obligation is not the issue.

best position to assert them." (Citations omitted.) *First Texas Service Corp.* v. *Roulier*, 750 F. Sup. 1056, 1060–61 (D. Colo. 1990). "Despite the general rule which prohibits the guarantor from asserting the principal's claims, courts have recognized three exceptions. A guarantor may assert the independent claim of the principal to set-off the creditor's claim against the guarantor where (1) the surety has taken an assignment of the claim or the principal has consented to the surety's use of the claim, (2) *both principal and surety are joined as defendants,* or (3) the principal is insolvent. See Restatement of Security § 133 (2) at 360 (1941). See also *Arctic Contractors, Inc.* v. *State of Alaska,* 573 P.2d 1385 (Alaska 1978)." (Emphasis added.) *Continental Group, Inc.* v. *Justice,* 536 F. Sup. 658, 661 (D. Del. 1982).[2] "The guarantor's right to assert the principal's claims under these exceptions is in the nature of setoff against the creditor's claim on the guaranty; the guarantor may not recover affirmatively. . . . Thus, if the guarantor's recovery on his counterclaims exceeds his liability under the guaranty, the guarantor may not

---

[2] The defenses of recoupment and set-off are generally discussed together and used interchangeably throughout case law and treatises. "Recoupment is the act of rebating or recouping a part of a claim on which one is sued by means of a legal or equitable right resulting from a counterclaim arising out of the same transaction. . . . In the absence of a statute providing otherwise, recoupment is purely defensive and not offensive, at least when employed in a court of law. It goes to the justice or existence of plaintiff's claim, and only to the abatement, reduction, or mitigation of the damages claimed by plaintiff." 80 C.J.S. 5–6, Set-off and Counterclaim § 2 (1953). "A set-off is a counterdemand which a defendant holds against a plaintiff, arising out of a transaction extrinsic of the plaintiff's cause of action . . . ." 80 C.J.S. 7, Set-off and Counterclaim § 3 (1953). "Recoupment and set-off are distinguishable from each other as to origin, subject matter, pleading, and the judgment recoverable. . . . However, recoupment and set-off are closely related, and a recoupment is, in a sense, a set-off. In some jurisdictions, by virtue of code or statutory provisions, there is no longer any substantial difference between the two terms; and sometimes the terms are used interchangeably, or one is erroneously employed when the other is obviously intended." 80 C.J.S. 19, Set-off and Counterclaim § 10 (1953).

recover this excess." (Citation omitted.) *First Texas Service Corp.* v. *Roulier*, supra, 1061.[3]

The Restatement of Security § 133 (2) (b), p. 360 (1941), states that "[t]he surety cannot set off against the creditor the principal's claims against the creditor unless . . . the principal is made a party to the action instituted by the creditor . . . ." The Restatement of Suretyship and Guaranty (Third), § 34 (1), p. 143 (1995), states that "the secondary obligor may raise as a defense to the secondary obligation any defense of the principal obligor to the underlying obligation . . . ." "A surety, when sued with the principal, can set off or recoup any demand which would be available to the principal alone. . . . As a general rule it may be said that, when the surety and principal are joined as defendants, a claim due from the creditor to the principal alone can be advanced as a set-off or by way of recoupment . . . ." F. Childs, Handbook of the Law of Suretyship and Guaranty (1907) § 148, p. 272; see L. Simpson, Handbook on the Law of Suretyship (1950) § 70, pp. 324–25;[4] D. Pingrey, A Treatise on the Law of Suretyship and Guaranty (1913) § 144, p. 170; 74 Am. Jur. 2d 77–78, Surety-

---

[3] In Connecticut, General Statutes § 42a-1-201 (40) provides: " 'Surety' includes guarantor."

[4] The following cases are cited in L. Simpson, supra, § 70, p. 325 n.97 (1950). "*Balsley* v. *Hoffman*, 13 Pa. 603 [1850]; *Aultman & Taylor Co.* v. *Hefner*, 67 Tex. 54, 2 S.W. 861 (1886); *Webb-Harris Auto Co.* v. *Industrial Acceptance Corporation*, 164 Ga. 54, 137 [S.E.] 770 (1927); *Himrod* v. *Baugh*, 85 Ill. 435 (1877); *Slayback* v. *Jones*, 9 Ind. 470 (1857); *Park* v. *Ensign*, 66 Kan. 50, 71 P. 230, 97 Am. St. Rep. 352 (1903); *Spencer* v. *Almoney*, 56 Md. 551 (1881); *Temple St. Cable Ry.* v. *Hellman*, 103 Cal. 634, 37 P. 530 (1894); *Waterman* v. *Clark*, 76 Ill. 428 (1875); *Elia* v. *Bavuso*, 204 Ill. App. 314 (1917); *Hayes* v. *Cooper*, 14 Ill. App. 490 (1884); *Reeves* v. *Chambers*, 67 Iowa 81, 24 N.W. 602 (1885); *Harrison* v. *Henderson*, 4 Ga. 198 (1848); *Peirce* v. *Bent*, 69 Me. 381 (1879); [*M'Hardy*] v. *Wadsworth*, 8 Mich. 349 (1860); *Van Etten* v. *Kosters*, 48 Neb. 152, 66 N.W. 1106 (1896); *Raymond Bros.* v. *Green & Co.*, 12 Neb. 215, 10 N.W. 709, 41 Am. Rep. 763 (1881); *Mahurin* v. *Pearson*, 8 N.H. 539 (1837); *Springer* v. *Dwyer*, 50 N.Y. 19 (1872); *Gunnis, Barrett & Co.* v. *Weigley*, 114 Pa. 191, 6 A. 465 (1886); *Hollister* v. *Davis*, 54 Pa. 508 (1867); *Bell* v. *Campbell*, 143 S.W. 953 (Tex. Civ. App. 1912); *Boyd* v. *Beaudin*, 54 Wis. 193, 11 N.W. 521 (1882)."

ship § 107 (1974); *Great American Ins. Co.* v. *Fred J. Gallagher Const. Co.*, 16 Ariz. App. 479, 494 P.2d 379 (1972); *Becker* v. *W.P. Northway*, 44 Minn. 61, 46 N.W. 210 (1890); *Raymond Bros.* v. *Green & Co.*, 12 Neb. 215, 10 N.W. 709 (1881).

This rule, allowing a surety to assert the defenses of the obligor, has even been expressed by our Supreme Court. "Because the surety's contract is ancillary to that of the debtor, suretyship law has permitted the surety *to assert the defenses* or the discharge *of his debtor* unless the very purpose of the suretyship was to shift the risk of this event from the creditor to the surety." (Emphasis added.) *American Oil Co.* v. *Valenti*, 179 Conn. 349, 352–53, 426 A.2d 305 (1979).

There is even a learned treatise that states: "Where the counterclaim, however, is in the nature of a mere recoupment or matter in mitigation constituting an entire or partial failure of the consideration of the debt for which the surety is bound, such counterclaim will ordinarily be available to the surety even though he is sued without his principal, and there has been no assignment or consent to the use of the counterclaim by the latter." E. Spencer, The General Law of Suretyship (1913) § 194, p. 272.

In this case, the plaintiffs sold a car rental business to Atlease. The major assets of that business were automobiles that were held out for lease. The consideration given for the business was the agreement by Atlease to pay the remaining balance on a note owed by the plaintiffs payable to Citytrust. As part of the consideration, Winter signed a guarantee of this note assumed by Atlease.

Winter's recoupment defense claims that the odometers of the automobiles purchased by Atlease were rolled back by the plaintiffs and, therefore, the value of the automobiles was less than what was originally

represented to Atlease when the business was purchased. Thus, this claim alleges a failure of the consideration for the underlying debt. Arguably, Atlease has agreed to pay back a loan under false pretenses. Atlease, as the primary obligor, has a valid recoupment defense.[5]

The plaintiffs brought suit against both Winter and Atlease. Therefore, both the primary obligor, Atlease, and the secondary obligor, Winter, were parties to this action. Atlease failed to appear and a default judgment was entered against it. Winter should have been allowed to raise the defense of recoupment belonging to Atlease against the plaintiffs. The failure of Atlease to appear and raise the recoupment defense itself does not prevent Winter from doing so. It would be inequitable to allow the plaintiffs to prevail without providing Winter the opportunity to present a recoupment defense.

The majority opinion denies Winter the opportunity to present the recoupment defense, which he is properly entitled to assert under the facts of this case. I would conclude that the trial court improperly precluded Winter, as the guarantor, from presenting the recoupment defense of Atlease, the primary obligor.

I would reverse the judgment of the trial court and remand this case for further proceedings.

---

[5] Winter abandoned the defense of set-off raised in his pleadings. The terms set-off and recoupment are used interchangeably in the treatises and case law. See footnote 2. The majority misconstrues my discussion of the law of suretyship because it does not agree that the defense of recoupment is interchangeable with the use of the term set-off in the quoted passages.