[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Kevin McNamara, the plaintiff, filed a four-count complaint against Citicorp Diners Club, Inc., the defendant. The complaint alleges violations of General Statutes §§ 36a-645, the Connecticut Creditor's Collection Practices Act (CCPA) and 42-ll0a et seq., the Connecticut Unfair Trade Practices Act (CUTPA), a breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, and negligent infliction of emotional distress under counts one through four, respectively.
The plaintiff held a credit card account with Citicorp Diners Club. The account was related to the plaintiffs employment with Price Waterhouse, LLC. However, the plaintiff was personally and individually liable to the defendant for any balance owed. The plaintiff alleges that the defendant contacted him on or about September 16, 1997, to collect an unpaid balance on the account, and the defendant told the plaintiff that although Price Waterhouse guaranteed repayment of any balance on the account, the plaintiff had improperly used the account for personal purposes, and he would be fired if the unpaid balance was not paid in full by September 23, 1997. The plaintiff claims that the defendant's statements were untrue and the defendant knew they were untrue.
Under count one, the plaintiff alleges that the defendant's actions were abusive and misleading and violated the CCPA. Also, the plaintiff alleges that the actions in violation of CCPA constitute a violation of CUTPA. Under count two, the plaintiff claims that a contractual relationship existed between him and the defendant, and the defendant's actions constituted a breach CT Page 8721 of the implied covenant of good faith. Under count three, the plaintiff alleges that the defendant intentionally inflicted emotional distress upon the plaintiff, that the defendant's acts were extreme and outrageous, and the defendant knew or should have known that its acts would cause the plaintiff emotional distress. Under count four, the plaintiff alleges that the defendant negligently inflicted emotional distress.
In response to the complaint, the defendant submitted an answer and asserted two defenses with a counterclaim alleged under the first defense. The defendant alleges that the plaintiff owes a debt of $2,682.43, which has been discharged through a bankruptcy proceeding which the plaintiff filed on September 15, 1997. The defendant claims damages in the counterclaim in the amount of the discharged debt. The defendant, under the second defense, asserts that the plaintiff has unclean hands. The plaintiff now moves to strike the first defense and counterclaim on the grounds that the defense fails to state a legally sufficient defense to the plaintiff's action and that the defendant's counterclaim fails to state a cause of action.
"Whenever any party wishes to contest, . . . the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." (Internal quotations marks omitted.) Bouchard v. People's Bank,219 Conn. 465, 468 n. 3, 594 A.2d 1 (1991).
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotations marks omitted.) Waters v. Autuori, 236 Conn. 820, 825-26, 676 A.2d 357
(1996).
The plaintiff argues that the defendant's first defense/counterclaim is legally insufficient because the plaintiffs debt to the defendant under the Diner's Club account has been discharged in bankruptcy. The plaintiff asserts that CT Page 8722 § 524 of the Bankruptcy code protects a debtor from any personal liability. Therefore, any collection efforts by the defendant are illegal. In opposition, the defendant asserts that it is not seeking to collect a debt and merely seeks to reduce any claim that the plaintiff may receive. The defendant argues that although the bankruptcy discharge extinguishes personal liability, the discharge does not actually extinguish the debt. The defendant asserts that it only seeks recoupment or set off pursuant to state law, and that the plaintiffs bankruptcy does not affect its right to claim such as a counterclaim. The defendant argues that it may allege a set-off or recoupment as part of a counterclaim. While the defendant has not specifically pleaded the counterclaim as a set-off or recoupment, the counterclaim essentially sets forth the doctrine of recoupment.
"The discharge in bankruptcy does not extinguish the underlying debt. It only prevents the debtor from being personally liable for the discharged debt and forecloses collection of any deficiency judgment . . ." (Citation omitted; internal quotations omitted.) Shawmut Bank v. Brooks Development Corp.,46 Conn. App. 399, 411, 699 A.2d 283 (1997).
"Most cases hold that a valid setoff claim cannot be defeated by a discharge in bankruptcy. These cases rely on [a statement in § 553 of the Bankruptcy Code] that, with certain exceptions not applicable here, this title does not affect any right of a creditor to offset. . . . " In re Buckenmaier, 127 B.R. 233 (9th Cir. BAP 1991).
The dissent in Sloan v. Kubitsky, 48 Conn. App. 835, ___ A.2d ___
(1998), noted that, "[t]he defenses of recoupment and set-off are generally discussed together and used interchangeably throughout case law and treatises.` Recoupment is the act of rebating or recouping a part of a claim on which one is sued by means of a legal or equitable right resulting from a counterclaim arising from the same transaction. . . . In the absence of a statute providing otherwise, recoupment is purely defensive and not offensive, at least when employed in a court of law. It goes to the justice or existence of plaintiff's claim, and only to the abatement, reduction or mitigation of the damages claimed by plaintiff.' 80 C.J.S. 5-6, Set-off and Counterclaim § 2 (1953). `A set-off is a counterdemand which a defendant holds against a plaintiff, arising out of a transaction extrinsic of plaintiff's cause of action.' 80 C.J.S. 7, Set-off and Counterclaim § 3 (1953).`Recoupment and set-off are CT Page 8723 distinguishable from each other as to origin, subject matter, pleading, and the judgment recoverable. . . . However, recoupment and set-off are closely related, and a recoupment is, in a sense, a set-off. In some jurisdictions, by virtue of code or statutory provisions, there is no longer any substantial difference between the two terms; and sometimes the terms are used interchangeably, or one is erroneously employed when the other is obviously intended' 80 C.J.S. 19, Set-off and Counterclaim § 10 (1953)." Sloan v. Kubitsky, supra,48 Conn. App. 845 n. 2.
As the defendant argues in opposition, it is not seeking an affirmative recovery of the debt owed by the plaintiff. It merely requests that the court offset any judgment it may find for the plaintiff by the amount of the plaintiffs discharged debt. Such an action is recognized under Connecticut law: "Connecticut has no statute concerning recoupment, but the state courts have long recognized the ancient equitable defense . . . Recoupment's distinguishing feature is that the defense arises out of the same transaction on which the plaintiff's claim is based." (Citation omitted.) St. Mary's Hospital v. Torres, 33 Conn. Sup. 201, 203,370 A.2d 620 (1976). Furthermore, the defendant has properly asserted the recoupment claim as a defense and counterclaim, for it has been held that "[u]nder our present practice, recoupment is to bed pleaded as a counterclaim and requires a prayer for affirmative relief . . ." Capitol Coal Co. v. Greenberg,114 Conn. 422, 424, 158 A. 883 (1932). "The defense of recoupment has two characteristics: (1) the defense arises out of the transaction constituting the plaintiffs cause of action; and (2) it is purely defensive, used to diminish or defeat the plaintiff's cause, but not as the basis for an affirmative recovery."Genovese v. J. N. Clapp Co., 4 Conn. App. 443, 445, 495 A.2d 1079
(1985).
The debt that the defendant raises under the first defense/counterclaim arose out of the same transaction and set of events that the plaintiff alleges in his complaint. As the defendant maintains in its opposing memorandum, it only seeks to use the debt to offset any judgment that the plaintiff may obtain in the current action. The defendant's first defense is recognized under Connecticut law. Furthermore, the applicable bankruptcy law does not bar the defendant's defense.
The plaintiffs motion to strike the defendant's first defense/counterclaim is denied, because the defendant has alleged CT Page 8724 a legally sufficient defense of recoupment.
William B. Lewis, Judge