[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this matter, the plaintiff, Howard Kaplan, has applied pursuant to Connecticut General Statutes § 52-417 for an order confirming an arbitration award involving the defendants, Connecticut Pleasure Tours, Inc. and Relocation Advisors, Inc. Defendant filed an objection to the application to confirm the arbitration and a complaint for a declaratory judgment. On January 5, 2001, defendant filed a separate motion for trial de novo.
For reasons hereinafter stated, the motion for trial de novo is granted.
The facts, which are not in dispute, indicate that on or about January 1, 1994, the plaintiff entered into separate contracts with each of the defendants. Both contracts contained the following clause:
 5. ARBITRATION. Any controversy or claim arising out of or relating to this Agreement shall be settled initially by arbitration in accordance with the rules of the American Arbitration Association, held at New London, Connecticut. Any award rendered in such arbitration may be entered in any court of competent jurisdiction or may be appealed or taken by either party to a court of competent jurisdiction by way of a trial de novo, so long as the party appealing or taking the matter to court shall pay in full the costs and expenses of the arbitration proceeding prior to CT Page 5806 appealing or taking the matter to such court.
In 1998, a dispute arose between the plaintiff and the defendants regarding payments claimed to be due plaintiff under the contracts. Subsequently, in accordance with the above-quoted arbitration clause plaintiff submitted a written demand for arbitration of his claims with the American Arbitration Association against both defendants. The defendants submitted responses to plaintiff's claims and asserted their own counterclaims.
The arbitration panel issued a written award on December 7, 2000. This decision denied defendant's counterclaims and awarded plaintiff $772,779.59. The award stated that the parties would be responsible for their own attorney's fees.
The plaintiff filed this action to confirm the arbitration award on December 19, 2000. On January 3, 2001, the defendants filed an Objection to the Application to Confirm the Award and a Complaint for a Declaratory Judgment. On January 5, 2001, the defendants filed a separate motion for a trial de novo to which plaintiff objects.
The total of all administrative fees and expenses assessed by the American Arbitration Association for the arbitration amounted to $20,916.68. At about the same time, the defendants tendered to the plaintiff two checks totaling $11,949.19 in claimed satisfaction of the arbitration clause requiring payment in full of the costs and expenses of arbitrations, fees and expenses.[1] Plaintiff rejected this tender and returned both checks to defendants claiming the total amount of the checks was insufficient to reimburse him in full for costs of his arbitration costs and expenses since the tender failed to compensate him for the additional $36,435.87 in attorney's fees and expenses which he incurred due to the arbitration proceedings. Plaintiff claims that his total arbitration expenses were $46,892.21.
The issue before the court is whether the language "shall pay in full the costs and expenses of the arbitration proceeding" in the arbitration clause of the contracts includes attorney's fees and requires that such fees be paid as a condition precedent to a valid request for trial de novo.
In resolving this issue, the court must follow rules generally applicable to the interpretation of contracts. Levine v. Advest,244 Conn. 732, 745 (1988). The interpretation of a contract involves a search for the intent of the parties. When the contract is clear and unambiguous, the contract is to be given effect according to its terms.Bialowans v. Minor, 209 Conn. 212, 217 (1988). The intent of the parties CT Page 5807 is to be ascertained from the language used, interpreted in the light of the situation of the parties and the circumstances surrounding them.American Totalisator v. Dubno, 210 Conn. 413, 418 (1989). The circumstances surrounding the making of the contract, the purposes which the parties sought to accomplish, and their motives cannot prove an intent contrary to the plain meaning of the language used. Fowler v.Weiss, 15 Conn. App. 690, 693 (1988).
Defendants correctly state that the terms in a contract are to be interpreted based upon their common meaning and usage. They then quote the definition of expenses as contained in Black's Law Dictionary 6th Ed. in support of their position. The same dictionary also defines "costs," a term which is closer to the expenditures at issue here. The dictionary uses the federal definition of costs allowed to the prevailing party in litigation. This is followed by a statement that generally costs do not include attorney's fees.
In stating that costs do not generally include attorney's fees, the dictionary was following the general rule understood in the United States. "The general rule of law known as the American rule is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception. This rule is generally followed throughout the country. Connecticut adheres to the American rule. The only exceptions are a specific contractual term." Marsh, Day Calhoun v. Solomon, 204 Conn. 639,652 (1987) (citations omitted; internal quotation marks omitted). See also Rizzo Pool Company v. DelGrosso, 240 Conn. 58, 72-73 (1997); and authorities cited in Solomon, id.
From the above, it must be concluded that attorney's fees are not generally understood to be included in the cost of litigation unless specifically authorized. The contracts here could easily have been drawn so as to require the payment of attorney's fees as a part of the cost and expenses of arbitration. For example, it is usual for the drafters of a note or negotiable instrument, to specifically require payment of attorney's fees in addition to the costs and fees of litigation.
In addition, the phrase "full costs and expenses of the arbitration proceedings" is keyed to the arbitration proceeding itself. As written, it would appear to require only payments of the costs and fees assessed by the American Arbitration Association. The contracts could have been written so as to require payment of full cost and expenses of the prevailing party including attorney's fees before a trial de novo could be requested. This language, however, was not used.
Plaintiffs contend that the situation here is analogous to an CT Page 5808 indemnification agreement. The general rule in indemnification agreements is that in the absence of express contractual terms to the contrary, attorney's fees would be allowed but limited to the defense of the claim which was indemnified. Burr v. Lichtenheim, 190 Conn. 351, 363 (1983). An agreement to indemnify against all expenses allows for attorney's fees in defense of the original action. Sloan v. Kubitsky, 48 Conn. App. 835, 843
(1998).
The difficulty with plaintiff's argument, however, is that the contracts here were not indemnification contracts. The purpose of the indemnity agreement is to make the person without fault whole. Indemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest. Kaplan v. Merberg Wreck Corporation,152 Conn. 405, 412 (1965).
The contracts involved here were designed to facilitate the conduct of business between the parties. The arbitration clause was ancillary to the main purpose of the contracts. The parties could have agreed on any language to establish a condition precedent to a trial de novo or could have eliminated any such conditions. The parties agreed on the language used. "Full costs and expenses of the arbitration proceedings." The common meaning and usage of this language would not include the payment of attorney's fees.
Accordingly, the motion for trial de novo is granted.
 Joseph J. Purtill Judge Trial Referee