W. SHARP, Judge.
Lathan Construction Corporation petitions this court for certiorari review of the trial court’s order which stayed any further action in its suit against McDaniel Grading, Inc. until final resolution of a related case pending in Orange County. We grant review and quash the order imposing a stay.
Lathan was the general contractor for a construction project undertaken by the Osceola County School District. McDaniel was a grading subcontractor on the project. The dispute between the parties arises out of claimed defects in the construction of a drivers’ education training course, and in particular, the “skid pad” for use by officers and deputies, in practicing their driving.
In the fall of 1994, the course began showing defects, especially the skid pad. A number of experts examined the course. All the parties met to discover the cause of the problem, determine the way it could be fixed, and decide who should pay for the costs to remedy it. McDaniel made statements to the effect that if the fault was theirs, they would fix it. An agreement was reached between the school board and Lathan to hire one more expert — Ardaman & Associates, whose opinion would be dispositive. The parties apparently agreed that regardless whose fault it was, Lathan would do the repairs. If it were Lathan’s fault, Lathan would pay. If it were anyone else’s fault, the school board would pay.
At some point, McDaniel did do some repair work, including tearing up the skid pad. *355 Ardaman & Associates determined that the defects were attributable to faulty work by McDaniel’s. Apparently there was to have been a similar agreement between Lathan and McDaniel about whoever was at fault paying for the repairs. However, McDaniel reneged. Its position all along has been that the problem was caused by Lathan’s design defect. Lathan proceeded to repair the problem. The school board did not pay La-than and Lathan did not pay McDaniel.
Litigation began when McDaniel sued La-than’s bonding surety, American Casualty Company, in Orange County. American moved to dismiss for improper venue. The trial court denied the motion on the ground it was really a motion to dismiss, and not a motion for change of venue.[1]
Lathan then sued McDaniel in Osceola County, claiming breach of the construction subcontract and promissory estoppel. McDaniel answered the complaint by saying the problem was caused by design defects or the specifications provided to them. Because of the claim of the design defects, Lathan sought to file an amended complaint, to bring the school board into the suit, as well as the architect and his firm.
McDaniel filed a motion to either transfer venue to Orange County or abate the Osceola County suit until resolution of the Orange County suit. The trial court entered an order “staying” the Osceola action. The order further decreed that — as to any matter ruled upon in the Orange County action — Lathan, but not McDaniel, would be collaterally es-topped from re-litigating it in the Osceola County action. The court based its order on its ruling that Lathan had a unity of interest with American. There was no explanation as to why McDaniel would not be so bound.
One problem with this case is that, while venue may not be improper in Orange County,[2] it also is not the best forum. Orange County has no real connection with this suit. The sole defendant in the Orange County suit is American — a foreign insurer. On the other hand, this matter strongly involves Osceola County.[3] Lathan says the reason it filed suit in Osceola County was not to circumvent the Orange County court’s jurisdiction but because it knew McDaniel’s defense would be that there were defects in the design and the site of the project was Osceola County. Lathan also argues that the Osceola School Board would necessarily be drawn into the suit and the School Board had to be sued in Osceola County.
The Osceola County suit is between contractor and subcontractor while the Orange County case is between the subcontractor and the contractor’s surety. The surety is not a party in the Osceola County suit, and the contractor is not a party to the Orange County suit.[4] McDaniel argues that it can use collateral estoppel as a defense in the suit between Lathan and McDaniel because Lathan and American are in privily with one another.[5] However, as far as La-than is concerned, because of the limited nature of American’s role as surety, while privity might operate to bind American by whatever finding is made regarding Lathan, the converse is not true. The court’s order has the effect of ruling that everything involving Lathan can be decided and be binding on Lathan without Lathan even being allowed to participate directly in the Orange County suit. This is improper because La-than has a number of factual issues to litigate which American need not address, making *356 American an unsuitable “virtual representative” for Lathan.[6]
We therefore quash the order under review, and rule that the suit in Osceola County should proceed.
Petition for Writ of Certiorari GRANTED, Order QUASHED.
THOMPSON and ANTOON, JJ., concur.

. That order remains under appeal. American Casualty Co. v. McDaniel Grading, No. 95-1132 (Fla. 5th DCA).

. See §§ 47.011, 47.051, Fla.Stat. (1993).

. While suit in Orange County may not be "improper," the court still could have granted the motion to change venue "[f|or the convenience of the parties or witnesses or in the interest of justice." § 47.122, Fla.Stat. (1993).

. It appears that the architect and the school board are also being brought into the Osceola County action.

. "A person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative." Stogniew v. McQueen, 656 So.2d 917, 920 (Fla.1995), quoting Aerojet-General Corp. v. Askew, 511 F.2d 710, 719 (5th Cir.), cert. denied, 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975).

. Defensive estoppel might be used against American for issues decided against Lathan because American’s position is only derivative. Defensive estoppel can also be used against McDaniel for issues decided adversely to it because McDaniel is a party in both suits. See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 327-29, 99 S.Ct. 645, 650, 58 L.Ed.2d 552 (1979) (for both offensive and defensive collateral estoppel, “the party against whom estoppel is asserted has litigated and lost in an earlier action." (emphasis added) See, e.g., Verhagen v. Arroyo, 552 So.2d 1162, 1164 (Fla. 3d DCA 1989), rev. denied, 574 So.2d 144 (Fla.1990).