834 So.2d 258 (2002)
T & G CONSTRUCTORS, INC., Appellant,
v.
PRO-TECH CONDITIONING AND HEATING SERVICE, INC., Appellee.
Nos. 5D01-3546, 5D02-353.
District Court of Appeal of Florida, Fifth District.
November 22, 2002.
Rehearing Denied January 15, 2003.
*259 Kimberly A. Ashby of Akerman, Senterfitt & Eidson, P.A., Orlando, for Appellant.
Rosemary Hanna Hayes of Hayes & Associates, Orlando, for Appellees.
SHARP, W., J.
T & G Constructors, Inc. appeals from a final summary judgment against it in favor of Pro-Tech Air Conditioning and Heating Service, Inc. T & G was the general contractor on a construction project known as "Rolling Hills Elementary School Renovation." Pro-Tech subcontracted to do the HVAC work on the project. It completed phase I of the work in August 1999 and Phase II (the final phase) in February 2000. T & G refused to pay an outstanding balance owed Pro-Tech of $18,000.00 in connection with Phase I. Later payments reduced the balance to $16,000.
Two lawsuits were filed to resolve this matter. The first was filed on July 17, 2000, by Pro-Tech against Reliance Insurance Company, the surety on a payment bond obtained by T & G pursuant to section 255.05, Florida Statutes, in conjunction with this construction project. T & G was not a party to that lawsuit. The second suit (this one) was filed on December 19, 2000, by T & G against Pro-Tech for breach of contract relating to the same construction project.
The case against Reliance went to trial on August 2, 2001, before any ruling had been made on Pro-Tech's motion for summary final judgment in this case. In the first suit the court granted Pro-Tech a directed verdict and final judgment was entered in favor of the subcontractor, against the surety in the amount of $18,986.00 on August 28, 2001. On October 25, 2001, after a hearing, the trial court entered summary final judgment in favor of Pro-Tech in this case.
On appeal, T & G argues that it should not be bound by the judicial doctrines of res judicata or collateral estoppel regarding the first lawsuit and that, although not expressly stated by the trial judge in the summary judgment ruling, they were the only grounds for its summary judgment, given the existence of disputed issues of fact raised by the pleadings. We affirm for the reasons stated below. In both *260 lawsuits, the same issue was raised: that the subcontractor, Pro-Tech, had failed to perform the work in accordance with the plans and specifications because it installed cast iron AHU stands, while the specifications provided for vertical-mounted units with zinc coated, galvanized steel sub-base with baked enamel finish. This omission allegedly caused damage and necessitated repair or replacement of the stands.
In this tale of two lawsuits, it is still unclear to this court why T & G, the general contractor, did not intervene in the first lawsuit or why the two lawsuits were not consolidated. In our view, failure to do so unnecessarily complicated this litigation over a comparatively small sum of money. We have been asked to take judicial notice of both records in the two cases, since both are currently on appeal in this court, and we have done so.
Pro-Tech contends the final summary judgment should be affirmed in this case because T & G's claims against it constituted grounds for a compulsory counterclaim in the suit against Reliance. Thus, the claim cannot now be asserted. We reject this theory. Florida Rule of Civil Procedure 1.170, which governs compulsory counterclaims, applies only to parties. T & G was not a party in the case against the surety, Reliance.
Pro-Tech also argues the summary judgment against T & G can be sustained on grounds of collateral estoppel or res judicata. However, for res judicata to apply, four identities must occur simultaneously: 1) identity of the things sued for, 2) identity of the cause of action, 3) identity of the parties, and 4) identity of the quality or capacity in the person for or against whom the claim is made. Inter-Active Services, Inc. v. Heathrow Master Ass'n., 809 So.2d 900, 902 (Fla. 5th DCA 2002). As noted above, T & G was not a party to the suit against Reliance. With regard to collateral estoppel, the relationship between a surety and its principal does not under established caselaw necessarily bind one as to a judgment against the other. See California Bridge & Constr. v. United States, 50 Ct.Cl. 40 (1915); Pye v. Department of Transp., 513 F.2d 290 (5th Cir.1975); Park v. Ensign, 66 Kan. 50, 71 P. 230 (1903).
Certain judgments involving sureties and principals are given preclusive effect. Section 68 Restatement of the Law (Third) Suretyship and Guaranty (1996) describes the preclusive effect of the judgments against sureties in later actions against principals. Restatement of the Law (Third), Suretyship and Guaranty § 68(1) (1996). Subsection (2) addresses the situation where the creditor sues the surety and wins. The comments describe circumstances which bind the principal in a subsequent suit against it brought by the surety.
In this case, however, the suit is being brought by the principal against the successful creditor (Pro-Tech). We have found no case in which the doctrine of collateral estoppel was applied to give preclusive effect to issues litigated in a prior action between the surety and the creditor, in a later suit between the principal and the creditor. By way of dictum in Lathan Construction Corp. v. McDaniel Grading, Inc., 695 So.2d 354 (Fla. 5th DCA 1996), this court indicated no collateral estoppel effect would be given to a judgment in favor of a subcontractor and against the surety in a separate action brought by the contractor against the subcontractor. That case suggests no preclusive effect should be given to the judgment in this case obtained by Pro-Tech against Reliance in T & G's later suit against Pro-Tech.
*261 However, in the documents submitted to this court there was an indemnification agreement entered into between T & G and Reliance. It states that T & G agrees:
FOURTH: To assign, transfer and convey, and each of the Undersigned does by these presents assign, transfer and convey to the Surety, as of the date of execution of said Bond or Bonds, as collateral security for the full performance of the covenants and agreements contained and the payment of any other indebtedness or liability of the Undersigned to the Surety, whether heretofore or hereinafter incurred, the following:
* * *
(b) All rights, actions, causes of action, claims and demands of the undersigned in, or arising from, or out of, said contract or any extensions, modifications, changes, or alternations thereof or additions thereto;
(c) All rights actions, causes of action, claims and demands whatsoever which the Undersigned or any of them may have or acquire in any subcontract in connection with said contract, and against any subcontractor or any person, firm or corporation furnishing or agreeing to furnish or supply labor, materials, supplies, machinery, tolls or other equipment in connection with or on account of said contract, and against any surety or sureties of any such materialmen, subcontractor, laborer or other person, firm or corporation .... (emphasis supplied)
It appears from this document that Reliance was given the right to settle any claim on behalf of T & G arising out of this project and any disputes with subcontractors, and that settlement would bind T & G. Further, pursuant to the document, T & G assigned to Reliance this cause of action or claim arising out of the subcontract with Pro-Tech. That clearly deprives T & G of standing or right to bring this second lawsuit and also, because of this assignment gives the judgment against Reliance res judicata effect against T & G. See Rhyne v. Miami-Dade Water and Sewer Authority, 402 So.2d 54 (Fla. 3d DCA), rev. denied, 412 So.2d 469 (Fla.1982); Southeastern Fidelity Ins. Co. v. Rice, 515 So.2d 240 (Fla. 4th DCA 1987); Gerardi v. Carlisle, 232 So.2d 36 (Fla. 1st DCA 1969). Accordingly, we affirm the final summary judgment,[1] with the observation that this judgment will have no preclusive effect on the first lawsuit against the surety, Reliance, in the event this court reverses that case.
AFFIRMED.
THOMPSON, C.J., and SAWAYA, J., concur.
NOTES
[1] Carraway v. Armour & Co., 156 So.2d 494 (Fla.1963).